FILED
MAR 2 3 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**United States District Court**
**FOR THE DISTRICT OF COLUMBIA**

Phillip B. Shane
P.O. Box 347
Dunsmuir, CA 96025
(530) 235-4264

Case: 1:07-cv-00577
Assigned To : Walton, Reggie B.
Assign. Date : 3/23/2007
Description: SHANE v. USA

Jury Trial Demanded

Plaintiff,

v.

United States of America

Defendant.

**VERIFIED COMPLAINT, PETITION, AND CLAIM FOR DAMAGES PURSUANT TO 26 U.S.C. § 7433[1]**

**INTRODUCTION**

COMES NOW , Phillip B. Shane , reserving his right to Assistance of Counsel, and for his cause of action, avers:

**I. PARTIES**

A. Phillip B. Shane, Plaintiff, is a Citizen of California, a Republic, "State in th[e] Union," established in Art. IV § 4 United States Constitution, *see also*: Hooven & Allison v. Evatt, 324 U.S. 652, 672-674, domiciled at the address shown above.

B. Defendant is the UNITED STATES OF AMERICA, established in Art. II, United States Constitution.

[1] Pursuant to the terms of 26 USC 7433(a), Plaintiff is instructed to sue the United States (Government). The Internal Revenue Service is not a party to this action, thus service upon the IRS is not required. This is not an action requesting declaratory judgment, refund of taxes under 26 USC 7422 or an action for injunctive relief. As set forth herein, this is an action for damages because the IRS disregarded and continues to disregard certain sections of the IRS Code while engaged in collection activity regarding Plaintiff.

## II. JURISDICTION

The district court of the United States has jurisdiction pursuant to 26 USC §7433, Section 7433 of the Internal Revenue Code of 1986, 102 Stat. 3747, as amended.

## III. VENUE

Venue is proper in the District of Columbia, (26 USC §7433), as the permanent seat of government of the United States pursuant to Title 4, United States Code, § 71, 61 Stat. 643, wherein "The Office of the Secretary" is required to be exercised, pursuant to Title 4, United States Code, § 72, 61 Stat. 643, and is so exercised, at 1500 Pennsylvania. Ave. N.W., Washington D.C.

## IV. ALLEGATIONS[2]

Plaintiff, in accordance with the "notice pleading" requirements set forth in Fed.R.Civ.P. 8(a), as interpreted in *Conley v. Gibson*, 355 U.S. 41[3], and reiterated in *Jones v. Bock* (Nos. 05-7058 and 05-7142) __ U.S. _____ (January, 2007), alleges:

As described in Plaintiff's attached VERIFIED STATEMENT OF FACTS:

COUNT 1

By disregard of Internal Revenue Code section 6001, 68A Stat. 731, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to notify Plaintiff, by notice served or by regulation, of the imposition of a requirement keep

---

[2] This listing is not inclusive. There may be other provisions of Title 26 and its regulations that Plaintiff is not aware of which have been disregarded.

[3] "(b) Failure of the complaint to set forth specific facts to support its general allegations of discrimination was not a sufficient [355 U.S. 42] ground for dismissal of the suit, since the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." Pp. 47-48.

records, make statements, or file returns with respect to any tax imposed in the Internal Revenue Code.

COUNT 2

All previous counts set forth above, are re-alleged and incorporated as if fully set forth herein.

By disregard of Federal Tax Regulation 26 CFR 1.6001-1, subsection (d), promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, to implement the provisions of Internal Revenue Code section 6001 with respect to income tax imposed in Subtitle A of the Internal Revenue Code; with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to notify Plaintiff, by notice served, of the imposition of a requirement keep specific records, make statements, or file returns with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 3

All previous counts set forth above, are re-alleged and incorporated as if fully set forth herein.

By disregard of Internal Revenue Code section 6020 , 68A Stat. 740, subsection (a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare any Substitute(s) for Return(s) in the name of as authorized *if* a "...person shall fail to make a return required...".

COUNT 4

All previous counts set forth above, are re-alleged and incorporated as if fully set forth herein.

By disregard of Federal Tax Regulations in Federal Tax Regulation 26 CFR 301.6020-1, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, to implement the

provisions of Internal Revenue Code section 6020 with respect to income tax, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare any Substitute(s) for Return(s) in the name of Phillip B. Shane.

COUNT 5

All previous counts set forth above, are re-alleged and incorporated as if fully set forth herein.

By disregard of Internal Revenue Code section 6020 , 68A Stat. 740, subsection (b)(2), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to execute any Substitute(s) for Return(s) in the name of Phillip B. Shane.

COUNT 6

All previous counts set forth above, are re-alleged and incorporated as if fully set forth herein.

By disregard of Federal Tax Regulation 26 CFR 301.6020-1, subsection (b)(2), promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, to implement the provisions of Internal Revenue Code section 6020 , 68A Stat. 740, subsection (b)(2) with respect to income tax, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to execute any Substitute(s) for Return(s) in the name of Phillip B. Shane.

COUNT 7

All previous counts set forth above, are re-alleged and incorporated as if fully set forth herein.

By disregard of Internal Revenue Code section 6103 , 68A Stat. 753, subsection (c), with intent to defeat the application thereof: defendant, through principals, officers, agents,

and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to disclose returns, e.g., Substitute(s) for Return(s), and return information to Plaintiff or Plaintiff's representative upon request.

COUNT 8

All previous counts set forth above, are re-alleged and incorporated as if fully set forth herein.

By disregard of Internal Revenue Code section 6109 , 75 Stat. 828, subsection (d) with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, forced Plaintiff into the use of a "social security account number issued to an individual for purposes of section 205(c)(2)(A) of the Social Security Act" assignable by the Commissioner of Social Security only to:

1. aliens, *see* 42 USC § 405(c)(2)(B)(i)(I); and,
2. applicants for/recipients of federal benefits, *see* 42 USC § 405(c)(2)(B)(i)(II)

effectively creating, in Plaintiff, a false status of "alien" and/or "applicant/recipient".

COUNT 9

All previous counts set forth above, are re-alleged and incorporated as if fully set forth herein.

By disregard of Internal Revenue Code section 6201, 68A Stat. 767, subsection (a), paragraphs (1) and (2), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to limit assessments to:

1. Taxes shown on return 26 USC § 6201(a)(1); and,
2. Unpaid taxes payable by stamp 26 USC § 6201(a)(2).

COUNT 10

All previous counts set forth above, are re-alleged and incorporated as if fully set forth herein.

By disregard of Federal Tax Regulations in 27 CFR Part 70, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, allegedly assessed against Plaintiff, Phillip B. Shane, amounts assessable only upon those engaged in activity relating to Alcohol, Tobacco Products, and Firearms.

COUNT 11

All previous counts set forth above, are re-alleged and incorporated as if fully set forth herein.

By disregard of Internal Revenue Code section 6202, 68A Stat. 768, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, exceeded the limitations imposed upon the Secretary's authority to establish by regulations the mode or time for the assessment of any internal revenue tax (including interest, additional amounts, additions to the tax, and assessable penalties).

COUNT 12

All previous counts set forth above, are re-alleged and incorporated as if fully set forth herein.

By disregard of Internal Revenue Code section 6203, 68A Stat. 768, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to record assessment(s) in the office of the Secretary in the name of Phillip B. Shane.

COUNT 13

All previous counts set forth above, are re-alleged and incorporated as if fully set forth herein.

By disregard of Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, to implement the provisions of Internal Revenue Code section 6203, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to execute, i.e., sign, summary record(s) of assessment, which include(s),

(1) identification of the taxpayer;

(2) character of liability assessed;

(3) taxable period, if applicable; and,

(4) amount of assessment.

COUNT 14

All previous counts set forth above, are re-alleged and incorporated as if fully set forth herein.

By disregard of Internal Revenue Code section 6203, 68A Stat. 768, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to furnish Plaintiff copies of assessments "filed in the Office of the Secretary" upon request.

COUNT 15

All previous counts set forth above, are re-alleged and incorporated as if fully set forth herein.

By disregard of Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, to implement the provisions of Internal Revenue

Code section 6203, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to furnish Plaintiff copies of signed summary records of assessment with supporting lists upon request.

COUNT 16

All previous counts set forth above, are re-alleged and incorporated as if fully set forth herein.

By disregard of Internal Revenue Code section 6211, 68A Stat. 770, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to promulgate regulations to implement Internal Revenue Code section 6211, 68A Stat. 770 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 17

All previous counts set forth above, are re-alleged and incorporated as if fully set forth herein.

By disregard of Internal Revenue Code section 6301, 68A Stat. 775, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, exceeded the limits imposed upon the Secretary's authority to collect taxes; i.e., taxes imposed by the Internal Revenue Code . Specifically:

1. The Commissioner of Internal Revenue failed to develop and implement procedures under which - "(1) a determination by an employee to file a notice of lien or levy with respect to, or to levy or seize, any property or right to property would, where appropriate, be required to be reviewed by a supervisor of the employee before the action was taken"; and,

2. The Commissioner of Internal Revenue failed to develop and implement procedures under which -"(2) appropriate disciplinary action would be taken against the employee or supervisor where the procedures under paragraph (1) were not followed"; and,

3. The Commissioner of Internal Revenue failed to develop and implement a review process under subsection (a)(1) which includes a certification that the employee has -

"(1) reviewed the taxpayer's information;

"(2) verified that a balance is due; and

"(3) affirmed that the action proposed to be taken is appropriate given the taxpayer's circumstances, considering the amount due and the value of the property or right to property."

COUNT 18

All previous counts set forth above, are re-alleged and incorporated as if fully set forth herein.

By disregard of Internal Revenue Code section 6303, 68A Stat. 775, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of IRS, purported to be a component of the Department of Treasury, failed to "within 60 days after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof" with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 19

All previous counts set forth above, are re-alleged and incorporated as if fully set forth herein.

By disregard of Internal Revenue Code section 6330, 112 Stat. 746, with intent to defeat the application thereof: Defendant's agent, Beverly A. Roberts, IRS Employee I.D. 3-25294, denied me the right to challenge the validity of the underlying liability asserted for years, 1998, 1999, 2000, and 2001 in a Collection Due Process Hearing as provided for in subsection (c), paragraph (2), subparagraph (B) of section 6330 of the Internal Revenue Code, Title 26, United States Code § 6330(c)(2)(B), and Federal tax regulation 301.7433-1(e), Title 26, Code of Federal Regulations, § 301.7433-1(e).

COUNT 20

All previous counts set forth above, are re-alleged and incorporated as if fully set forth herein.

By disregard of Internal Revenue Code section 6304 , 112 Stat. 768, subsection (b), paragraph (1), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, engaged in "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any unpaid tax."

COUNT 21

All previous counts set forth above, are re-alleged and incorporated as if fully set forth herein.

By disregard of Internal Revenue Code section 6320 , 112 Stat. 746, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to hold a hearing in conjunction with subsections (c), (d) (other than paragraph (2)(B) thereof), and (e) of section 6330.

COUNT 22

All previous counts set forth above, are re-alleged and incorporated as if fully set forth herein.

By disregard of Internal Revenue Code section 6321, 68A Stat. 779, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, asserted a lien on or about January 9, 2003, Exhibit #1, for alleged failure or neglect to pay without giving proper notice and without making demand.

COUNT 23

All previous counts set forth above, are re-alleged and incorporated as if fully set forth herein.

By disregard of section 6751(b)(1) of the Internal Revenue Code of 1986, 68A Stat 3, § 6751(b), with intent to defeat the application thereof: defendant, through principals, officers, agents, and / or employees violated IRC section 6751(b) by failing to verify that a supervisor had personally approved, in writing, the initial penalty determination. Exhibit #1

COUNT 24

All previous counts set forth above, are re-alleged and incorporated as if fully set forth herein.

By disregard of Internal Revenue Code section 6322, 68A Stat. 779, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, asserted a lien for which no assessment was made in violation of Internal Revenue Code section 6203 and Federal Tax Regulation 301.6203-1. Exhibit #1

COUNT 25

All previous counts set forth above, are re-alleged and incorporated as if fully set forth herein.

By disregard of Internal Revenue Code section 6323, 68A Stat. 779, subsection (f), paragraph (1), subparagraph (A), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to

be a component of the Department of Treasury, failed to certify the aforementioned notice of lien entitling same to be recorded pursuant to the Uniform Federal Tax Lien Registration Act, as enacted in Texas. Thus, said notice of lien was recorded and entered into the Public Record of Harris County, Texas, in clear violation of the Uniform Federal Tax Lien Registration Act.

COUNT 26

All previous counts set forth above, are re-alleged and incorporated as if fully set forth herein.

By disregard of Internal Revenue Code section 7213, 68A Stat. 855, subsection (a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, unlawfully disclosed confidential return information, including the Social Security Number assigned to Plaintiff, by filing a notice of lien in stated amounts for which no record of assessment exists. Exhibit #1

**DAMAGES**

Plaintiff has lost, as a direct result of the aforesaid unlawful collection activities, in excess of $31,937.44 to date. Plaintiff has been the victim of unlawful collection through levy by defendant's agents / agency since January of 2003. Exhibit #2

Defendant's agents have imposed a continuous levy upon this Plaintiff's Social Security retirement payments. Exhibit #3 Said continuous levy has resulted in substantial hardship to Plaintiff.

// //

// //

// //

**REMEDY SOUGHT**

1. Plaintiff(s) seek(s) damages in accordance with section 7433, in the amount of $31,937.44 – the amount which has been unlawfully taken from Plaintiff to date through the aforementioned collection actions of defendant's agency and, or agents, and;

2. damages in accordance with section 7433, in an amount equal to the fine imposed in Internal Revenue Code section 7214(a) for each disregard with intent to defeat the provisions thereof, i.e., 10,000.00 per disregard.

March 19, 2007

Respectfully submitted,

Phillip B. Shane

Jurat

Sworn to and subscribed before me, a Notary Public in the State of California, this 19 day of March , 2007.

Notary Public

My Commission expires: 10/27/09



**United States District Court**
**FOR THE DISTRICT OF COLUMBIA**

Phillip B. Shane
P.O. Box 347
Dunsmuir, CA 96025
(530) 235-4264

Case No.

Jury Trial Demanded

Plaintiff,

v.

United States of America

Defendant.

**VERIFIED STATEMENT OF FACTS REGARDING UNLAWFUL COLLECTION ACTIVITIES AND MULTIPLE VIOLATIONS OF TITLE 26 U.S.C.**

#1; March 29, 1999, Plaintiff received an unsigned letter received from Estelle Tundley (caller ID 475641) "We have changed your return" (Tax Period 1998). Plaintiff responded in writing on June 12, 1999. Said response requested an in person /in office meeting and stated in part: "... that you (Defendant's agent, Tundley) should have available... the statue and implementing regulation that allowed you to change my 1998 return. ..." No response was received regarding the requested meeting.

#2; October 11, 2000; received a Letter CP 2000 "WE ARE PROPOSING CHANGES TO YOUR 1998 TAX RETURN. I responded in writing on October 15, 2000. I stated that my 1998 return constituted a claim for refund ... and that to date the full value of the refund had not been received. I requested documentation supporting their proposed changes and their authority to make the changes. I did not receive a response to said letter.

#3; November 24, 2000; I received a LTR. 2645C referencing a response from me of Oct. 23, 2000 (probably item #2) promising to contact me again in 60 days. I never received the promised response.

#4; May 21, 2001; I received a letter 3176(SC) (Tax Period 2000), "We determined that the document(s) referenced above is frivolous and your position has no basis in law. The letter referenced "INTERNAL REVENUE CODE SECTION 6702) FRIVOLOUS INCOME TAX RETURN". I responded in writing to this LETTER 3176 on May 29, 2001 by requesting the sender (Dennis Parizek) assist me in clarifying my understanding of my tax responsibilities. I never received a response to this letter.

#5; October 25, 2001; Spec. Ltr. CE-22-525 (Tax Period 2000); "We considered the return you sent us dated April 02, 2001 and adjusted your tax as shown on the enclosed report." I responded in writing to this Spec. Ltr. CE-22-L525 on November 13, 2001 by requesting from the sender (Dennis Parizek) copies of the series of documents which formed the basis of the proposed change for my review. I never received a reply to my letters.

#6; October 29, 2001; Notice Number CP 504, (Tax Period 2000), "We Intend To Levy On Certain Assets. Please Respond NOW." I responded in writing to this Notice CP 504 on November 7, 2001, referencing my previous response of May 29, 2001 (see item #4) and stating my understanding of the tax code. I never received a response to my letter.

#7; December 06, 2001; Letter 2050, (Tax Period 1998), "Please Call US About Your Overdue Taxes or Tax Returns", which stated: "We have no record that you responded to our previous notice" and included a copy of the October 29, 2001 CP 504 Notices. I responded in writing on February 13, 2002 to the sender (Barbara J, Strudel). I never received a response to this letter.

#8; January 18, 2002; Letter 3219(SC/CG), (Tax Period 2000), "We have determined that there is a deficiency (increase) in your income tax as shown above. This letter is your NOTICE OF DEFICIENCY, ..." I responded in writing on February 8, 2002 to the sender (Richard C. Creamer) requesting him to assist me in understanding my tax responsibilities. I never received a response to my letter.

#9; February 4, 2002; "Form CIV PEN" (Tax Period 2000), "NOTICE OF PENALTY CHANGE" which referenced section 6702. I responded in writing on February 13, 2002 requesting assistance in understanding my tax responsibilities. I requested response within thirty (30) days after receipt of my letter, referenced and included copies of my previous un-responded to correspondences. I never received a response to my letter

#10; February 4, 2002; received a "Form CIV PEN", (Tax Period 1999) "NOTICE OF PENALTY CHANGE" and referencing section 6702. I responded in writing on February 13, 2002 requesting assistance in understanding my tax responsibilities. I requested response within thirty (30) days after receipt of my letter. I included a copy of a letter from the IRS (signed by Malcolm P. Bennett) stating: "We have no record of this Regulation (the

Regulation Implementing I.R.S. code section 6702). I never received a response to my letter.

#11; February 7, 2002, Letter 2836 (CG), (Tax Period 2002) Form W-4, Employee's Withholding Allowance Certificate expires ..."I responded in writing on March 1, 2002 to the sender (Stephen B. Barnes) requesting assistance in understanding my responsibilities for filing a Form W-4. I never received a response to my letter.

#12; February 15, 2002, Spec. Ltr. CE 22-525, (Tax Period 2000), "We considered the return you sent us dated April 1, 2001 and adjusted your taxes as shown on the enclosed report" (Note that the letter referenced tax year 1999, which meant that the must have been referring to my return sent April 1, 2000. See item #5). I responded in writing on May 5, 2002 to the sender (Mr. Dennis Parizek) pointing out the error in their letter, requesting from Mr. Parizek provide me copies of the series of documents which formed the basis of the proposed change for my review. I never received a response to my letter.

#13; February 18, 2002; I forwarded a letter titled "Liability for Filing Form 1040" to Mr. Richard M. Skillman requesting assistance in understanding my tax responsibilities. I never received a response to my letter.

#14; March 21, 2002, Response to my FOIA request of February 5, 2002 In Feb, 2002 requesting a copy of my IMF, BMF, NMF, AMDISA, TAXMODA, ENMOD, and Form 23C for the years of 1998, 1999, and 2000. The response letter stated in part that since an

EIN was not provided, a BMF could not be researched (I do not have an EIN). With respect to my request for my Form 23C the response was: "I have enclosed form 23C. The form 23C, also known as the Summary Record of Assessment, is the assessment document signed by the assessment officer. The Form 23-C reflects the total of all tax, interest, and penalty assessments by class made at the IRS Service Center on a specific day or week. It does not list specific taxpayers by name/identifying number, or address specific assessments or the nature of such assessments. ... This meets all statutory requirements of the Internal Revenue Service Code 6203." However, he document forwarded was a RACS Report 006 titled, dated 3/19/1999, and clearly not a 23-C assessment certificate.

#15; April 1, 2002, Notice CP 504, (Tax Period 1999) "We Intend To Levy On Certain Assets. Please Respond NOW." I responded in writing on April 16, 2002, requesting assistance in understanding my tax responsibilities. I requested response within thirty (30) days after receipt of my letter. I never received a response to my letter.

#16; April 12, 2002, Letter 3219(SC/CG, (Tax Period 1999), "We have determined that there is a deficiency (increase) in your income tax as shown above. This letter is your NOTICE OF DEFICIENCY, ... I responded in writing on May 3, 2002 to the sender (Richard C. Creamer) requesting him to assist me in understanding my tax responsibilities. I never received a response to my letter.

#17; May 13, 2002, Notice CP 504 (Tax Period 2000), "We Intend To Levy On Certain Assets. Please Respond NOW." I responded in writing on May 22, 2002, requesting

assistance in understanding the application of the notice since it was my understanding per their document 6209 ADP Manual, Section 9, paragraph 1 indicates that 3 digit CP numbers located in the upper right hand corner of notices and letters apply to BMF's (Business Master Files). I requested response within ten (10) days after receipt of my letter. I never received a response to my letter.

#18; July 1, 2002, Form: CVL PEN (Tax Period 2001), Notice of Penalty Change "We have charged you a penalty under Section 6682 ... for filing false information with respect to withholding." I responded in writing on July 10, 2002 requesting assistance understanding my responsibilities for filing a Form W-4. I never received a response to my letter.

#19; July 22, 2002, Notice CP 504 (Tax Period 1998), "We Intend To Levy On Certain Assets. Please Respond NOW." I responded in writing on July 30, 2002, requesting assistance in understanding the application of the notice since it was my understanding per their document 6209 ADP Manual, Section 9, paragraph 1 indicates that 3 digit CP numbers located in the upper right hand corner of notices and letters apply to BMF's (Business Master Files). I requested response within thirty (30) days, referenced and included copies of my previous un-responded to correspondences. I never received a response to my letter.

#20; July 22, 2002, Notice CP-22E (Tax Year 2000), "We Changed Your Account". I responded in writing on July 26, 2002, requesting assistance in understanding the application of the notice. I requested response within thirty (30) days after receipt of my letter, referenced and included copies of my previous un-responded to correspondences. I

never received a response to my letter.

#21; July 29, 2002, Notice CP 504 (Tax Period 2001), We Intend To Levy On Certain Assets. Please Respond NOW." I responded in writing on August 5, 2002, requesting assistance in understanding my tax responsibilities. I requested response within thirty (30) days after receipt of my letter. I never received a response to my letter.

#22; August 12, 2002, Notice CP 504 (Tax Period 2000), "We Intend To Levy On Certain Assets. Please Respond NOW." I responded in writing on August 20, 2002, requesting assistance in understanding my tax responsibilities. I requested response within thirty (30) days, referenced and included copies of previous un-responded to correspondences, stated that "I was not refusing to pay and therefore ... enforced collection proceedings are unwarranted, unnecessary and unlawful". I never received a response to my letter.

#23; September 9, 2002 (Tax Period 1998), "Notice of Tax Due on Federal Tax Return". I responded in writing on September 17, 2002, requesting assistance in understanding the application of the notice to me. I requested response within thirty (30) days, referenced and included copies of six (6) of my previous un-responded to correspondence, (a total of 299 pages), stated that: "I was not refusing to pay and therefore ... enforced collection proceedings are unwarranted, unnecessary and unlawful". I never received a response to my letter.

#24; October 28, 2002, Letter 1058 (Tax Period 1998 thru 2001), "Call immediately to prevent property loss; final notice of intent to levy ... I responded in writing on November 11, 2002, requesting assistance in understanding the application of the notice to me. I requested response within thirty (30) days after receipt of my letter, referenced and included copies of my previous un-responded to correspondence, stated that I was not refusing to pay and therefore … enforced collection proceedings are unwarranted, unnecessary and unlawful. I never received a response to my letter.

#25; January 6, 2003, Form 668-W, (Tax Period 1998 thru 2001), "Notice of Levy on Wages, Salary, and Other Income". I responded in writing on January 10, 2003, to the sender (Susan Meredith) with a letter titled "Notice and Demand for Proof of Liability" requesting "… certified proof of a procedurally proper and valid assessment …". My letter stated that "… silence to this Notice and Demand for Proof of Liability is admission and stipulation as fact, by the IRS through its Legal Staff, that; (a) There is no lawful basis for any tax liability to exist against me; ...". My letter also stated that: "I was not refusing to pay and therefore … enforced collection proceedings are unwarranted, unnecessary and unlawful". I never received a response to my letter.

#26; January 16, 2003, Letter 3175SC. The IRS wrote back to me "This is a reply to your recent correspondence". The letter stated in part "Federal courts have consistently ruled against the arguments you have made. Therefore, we will not respond to future correspondence concerning this issue. I responded in writing to the sender (Dennis J. Parizek) requesting assistance in understanding my tax responsibilities and that the IRS's

procedures requiring response to all correspondences. I gave Dennis J. Parizek thirty (30) days after receipt of my letter to respond. I never received a response to my letter.

#27; January 30, 2003, Letter 2764C, (Tax Period 1998), "Thank you for your inquiry of Nov. 01, 2002". Letter 2746C stated in part, "We haven't resolved this matter because we have received a large volume of similar inquiries ... We will contact you again in 60 days with an answer to your inquiry." I never received their promised response.

#28; March 5, 2003, Letter 0007PCF, (Form 1040' Tax Period 1998 thru 2001) "In reply to your inquiry of January 27, 2003 ...Form 12153 is being returned ...". I responded in writing to the sender (Letha Johnson) on March 17, 2003 requesting "... certified proof of a procedurally proper and valid assessment ...". The letter stated that "... silence to this Notice and Demand for Proof of Liability is admission and stipulation as fact, by the IRS through its Legal Staff, that; (a) There is no lawful basis for any tax liability to exist against me; ...". My letter also stated that I was not refusing to pay and therefore: "... enforced collection proceedings are unwarranted, unnecessary and unlawful". I never received a response to my letter.

#29, April 8, 2003, Letter 1862 (SC/CG), (Tax Period 2001), "We have no record of receiving your federal income tax ... We have figured the proposed tax and penalties ...". Enclosed was an unsigned Form 4529 with Mr. Patcyk's name typed in. I responded in writing to the sender (Mr. Patcyk) on April 23, 2003 requesting the sender to assist me in understanding my responsibly for filing a tax return. I gave Mr. Patcyk thirty (30) days

after receipt of my letter in which to respond and stated that by failure to respond: "... I never received a response to my letter.

#30, April 9,2003, Letter 0008PCF Form 1040 CIVIL PENALTY, Tax Period 1998 thru 2001) "Your Form 12153 Request for a Collection Due Process Hearing dated January 23, 2003 ...". I responded in writing to the sender (Letha Johnson) April 29, 2003. My letter stated that their failure to respond to all of my previous letters was final and irrevocable proof that the information in all my previous letters has been stipulated to by the IRS and its employees as good and sufficient for all legal purposes and admissible as evidence. I never received a response to my letter.

#31; April 25, 2003, Appeals Office, Houston Texas, Tax Period 1998, 2000) "...we received your case for consideration in our Houston Appeals Office ...". I responded to the contact person (Bart Hill) in writing on May 12, 2003 notifying Mr. Hill of my relocation to Chicago and requesting Bart Hill to assist me in understanding my tax responsibilities. I never received a response to my letter.

#32, April 28, 2003, Notice CP 515, (Tax Period 2001), "Request for Your Tax Return. ... If you believe you are not required to file, please tell us why ...". I responded to this letter in writing on May 13, 2003 requesting the sender's assistance in understanding my responsibly for filing a tax return. I gave sender thirty (30) days after receipt of my letter in which to respond. I never received a response to my letter.

#33; June 20, 2003, Letter 2645C, I responded on July 7, 2003 to the sender (Francis J. Sorrow), included a copy of my previous un-responded to letter and again requested response to my previous un-responded to correspondence of May 13, 2003 ((see item# 32(36). I never received the promised response nor response to my letter"

#34; Jume 24, 2003, Appeals Office, Houston Texas, Tax Period 1998, 2000). On June 24, 2003 I wrote to Bart Hill confirming our phone conversations of June 4 and 5, 2003 during which Bart Hill agreed to forward my file to Chicago for rescheduling of a face-to-face meeting. The letter stated that I had not been contacted by the Chicago Office. I never received a response to my letter.

#35; June 27, 2003, Letter 86C, (Tax Period 2001), Request for 45 day Extension of Response Time, Referencing April 28, 2003 Letter. I never received the promised response.

#36; August 6, 2003, Letter 3219 (SC/CG) (Tax Period 2001), "We have determined that there is a deficiency (increase) in your income tax as shown above. This letter is your NOTICE OF DEFICIENCY, ... I responded in writing on October 27, 2003 to the sender (Thomas D. Mathews), referenced and included copies of my unanswered previous correspondences, and requesting him to assist me in understanding my tax responsibilities. I gave Thomas D. Mathews thirty days to respond. I never received a response to my letter.

#37; August 8, 2003, Letter 86C, (Tax Period 1998, 1999, 2000), "Thank you for the inquiry of June 24, 2003". Letter stated that my letter (June 24 2003 to Bart Hill regarding a

face to face meeting in Chicago) was being sent to another office. I never received any correspondence with regard to the setting of a face-to-face meeting date for an impartial due process hearing in Chicago.

#38; August 19, 2003, Response Letter to FOIA Request, (Tax Period 2001 Letter states that " ... the Substitute for Return (SFR), is a form that contains only the account identification information ... in order to establish an account on the Individual Master File." The document I received is the front page of a Form 1040) with only my name and social security number and was unsigned. I responded to the person to contact (D. Halderman) in writing on October 5, 2003, referenced and included copies of my unanswered previous correspondences, and requesting him to assist me in understanding my tax responsibilities. I gave D. Halderman thirty (30) days to respond. I never received a response to my letter.

#39; November 3, 2003, United States Tax Court. The letter I received stated in part: "In order to protect you from the time expiring within which you can file a proper petition, your letter received November 3, 2003, has been filed as an imperfect petition". At no time was it my intention to petition the tax court. I never filed any petitions with the tax court.

#40; November 10, 2003, United States Tax Court. Docket No. 19050-03, "Order For Proper Petition and Filing Fee". The letter stated in part: " ..., the petitioner is ORDERED to file on or before January 9, 2004 a proper amended petition ...". As stated in item #39, I never filed any petitions with the tax court

#41; January 2, 2004, United States Tax Court. The letter stated in part: "This refers to your letter received December 15, 2003. If you want to file a petition with this Court to contest the deficiency in tax determined by the Internal Revenue Service, enclosed are the forms and instructions necessary to do so." I never filed any petitions with the tax court

#42; March 15, 2004, United States Tax Court. Docket No. 19050-03 (see item #40). The letter stated in part: "ORDERED that on the Court's own motion this case is dismissed for lack of jurisdiction." There was no need to reply to this letter

#43; October 7, 2004, No Letter Number, (Tax Period 1998, 1999, 2000, 2001) "In Re: Collection Due Process – Levy/Lien. The letter stated in part, "If you are interested in receiving a face-to-face hearing, you must be prepared to discuss issues relevant to paying your tax liability". On October 20, 2004 I responded to the contact person (Beverly A Roberts), stated that: "Your deprivation of my statutory right to an impartial Collection Due Process Hearing is a violation of Service Policy …" and listed seven service policies. I closed with the statement: "I respectfully demand you recuse yourself, and have my formal CDP Hearing assigned to an impartial individual who will reach a decision after hearing." My demand was never complied with.

#44; November 23, 2004, No Letter Number I received a letter from Inspector General for Tax Administration's office acknowledging receipt of my complaint (a copy of my October 20 2004 response to item #43). The letter stated in part: "We have reviewed your complaint … we have forwarded your complaint to the Internal Revenue Service for

appropriate action. I never received a response from the IRS regarding the complaint.

#45; December 10, 2004, Letter 3193(?), (Tax Period 1998, 2000). "Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330. Attached as page 3 was: "Attachment to letter 3193; Collection Due Process Hearing – Lien, Summary and Recommendation. The attachment stated in part: "You responded by letter dated October 20, 2004 stating that a telephone hearing was unacceptable". My October 20, 2004 letter was a demand for reassignment of the hearing to an impartial individual who would reach a decision after hearing, not a refusal. That demand was never complied with.

#46; March 10, 2005, No Letter Number (Tax Period 1998, 1999, 2000, 2001, "Decision Letter Concerning Equivalent Hearing Under Section 6320 and/or 6330 of the Internal Revenue Code. The letter again states, as in item #45; " You responded by letter dated October 20, 2004 stating that a telephone hearing was unacceptable". This was the second time the IRS ignored my request of October 20, 2004 for "reassignment of the hearing to an impartial individual who would reach a decision after hearing." Again that demand was not complied with.

#47; January 9, 2006, Notice CP 91, "Final Notice Before Levy on Social Security Benefits". The letter was originally sent to my previous address. I received a copy of the IRS's letter from Social Security on April 11, 2006 at my current address. At the same time I also received a copy of a letter from Jeffrey Schramek notifying me that a portion of my Federal payment was applied to a debt I allegedly owe. I responded in writing on May 17,

2006 to the IRS requesting clarification and documentation of the legal basis for the intended action and copied Jeffrey Schramek. I never received a response to my letter.

#48; July 27, 2006, Letter 2645C LO (Tax Period 1998)' Thank you for your correspondence received July 12, 2006", which promised a response in 45 days. I never received the promised response nor a response to the referenced letter.

#49, August 24, 2006, Letter 2645c LO, (Tax Period 1998), "Thank you for your correspondence received August 22, 2006"; which promised a response in 45 days. I responded to the sender (Carol Scott) in writing on September 19, 2006 stating that I had not written a letter in the time frame indicated, that Carol Scott's letter was sent to my previous address even though I had previously several times notified them of my current address. I never received a response to this letter.

#50, October 3, 2006 Letter 2645C LO, (Tax Period 2005) "Thank you for your correspondence received September 29, 2006"; which promised a response in 45 days. The letter was sent to my previous address (even though I had several times previously provided my current address), forwarded to me and received by me on October 13, 2006. I responded to the sender (Carol Scott) in writing on October 31, 2006 stating that I had not written a letter in the time frame indicated and indicated that I had never written a letter in response to any letter referencing Tax Period Dec. 31, 2005, I stated further that: "... any and all correspondences sent to my previous address will no longer be forwarded to me and will be returned to the sender. ...".

My response contained copies of my previous letters and a copy of the letter was also sent to the Financial Management Service and the Federal Payment Levy Program. I never received a response to my letter.

March 19, 2007

Respectfully submitted,

Phillip B. Shane

Jurat

Sworn to and subscribed before me, a Notary Public in the State of California, this 19 day of March , 2007.

Notary Public




My Commission expires: 10/27/09

# AFFIDAVIT

Affiant, Phillip B. Shane is of lawful age and competent to testify, after having been duly sworn, state as follows based upon affiant's own personal knowledge:

1. It is not now, nor has it ever been, affiant's intent to avoid paying any tax that affiant is legally liable to pay or that affiant lawfully owes.

2. Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C §6201(a) by making an assessment of the taxes affiant allegedly owes;

3. Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C §6202 by making an assessment of the taxes affiant allegedly owes within the time and mode set forth by the secretary;

4. Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C. §6203 by recording an assessment of the taxes affiant allegedly owes;

5. Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C. §6203 by furnishing affiant copies of records of assessment upon affiants request;

6. Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C. §7214(a) by not attempting and continuing to attempt to collect sums greater than appear on records of assessment;

7. Affiant is not in possession of any document which verifies that affiant owes a "tax" to the United States Treasury.

8. Affiant is not in possession of any document which verifies that the defendant has complied with all collection procedures required by the IRS Code and its regulations.

9. Affiant is not in possession of any document which identifies the authority of the IRS to substitute any other document or form for a Form 23-C (Summary Record of Assessment).

10. Affiant is not in possession of any document which establishes that defendants' agency is willing to reconsider the position it has taken in the voluminous correspondence affiant has received from defendant's agency.

11. Affiant has diligently and repeatedly sought to remedy this situation with the IRS.

12. The IRS has ignored, dismissed or trivialized any attempt to discuss an amicable settlement.

13. Affiant has commenced this action within two (2) years after the date on which the right of this action accrued.

14 Affiant believes there is no possible way that the United States can answer any of the claims made in this pleading.

Dated: March 19, 2007

Phillip B. Shane

Jurat

Sworn to and subscribed before me, a Notary Public in the State of California, this 19 day of March 2007.

Notary Public

My Commission expires: 10/27/09



103

Form 668 (Y)(c) (Rev. October 2000)

Department of the Treasury - Internal Revenue Service

# Notice of Federal Tax Lien

Area: WAGE & INVESTMENT AREA #5
Lien Unit Phone: (800) 829-7650

Serial Number 760397184

For Optional Use by Recording Office

**As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.**

Name of Taxpayer PHILLIP B SHANE

Residence 12927 ADVANCE
HOUSTON, TX 77065-2122

W361874
01/16/03 100043167 $11.00

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1998 | 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 | 09/03/2001 | 10/03/2011 | 500.00 |
| 1040 | 12/31/1998 | 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 | 09/09/2002 | 10/09/2012 | 6284.29 |
| 1040 | 12/31/2000 | 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 | 07/22/2002 | 08/21/2012 | 18932.50 |
| 6702 | 12/31/1999 | 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 | 02/04/2002 | 03/05/2012 | 500.00 |
| 6702 | 12/31/2000 | 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 | 02/04/2002 | 03/05/2012 | 1002.31 |
| 6702 | 12/31/2001 | 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 | 07/01/2002 | 07/31/2012 | 500.00 |

FILE FOR RECORD
8:00 AM
JAN 16 2003
[signature]
County Clerk, Harris County, Texas

Place of Filing
COUNTY CLERK
HARRIS COUNTY
HOUSTON, TX 77001

Total $ 27719.10

This notice was prepared and signed at Houston, TX, on this,

the 09th day of January, 2003.

Signature [signature] for B STRADER

Title ACS (800) 829-7650 15-00-0000

Exhibit # 1

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 1 - Kept By Recording Office

Form 668(Y)(c) (Rev. 10-00) CAT. NO 60025X

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

IRS ADDRESS:
FRESNO INTERNAL REVENUE SERVICE-ACS
P.O. BOX 24017
FRESNO, CA 93779-4017

OF IRS OFFICE:
TOLL FREE 1-800-829-7650
WI

TO: P 76-0386191 DPC05

NAME AND ADDRESS OF TAXPAYER:
PHILLIP B SHANE
12927 ADVANCE
HOUSTON TX 77065-2122279

LONE STAR AUT MATED SYSTEMS
2500 TANGLEWILDE STE 350
HOUSTON TX 77063-2186750

IDENTIFYING NUMBER(S): 
SHAN A 00

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040 | 12-31-1998 | $ 6,284.29 | $ 64.69 | $ 6,219.60 |
| 1040 | 12-31-2000 | $ 18,932.50 | $ 1,385.08 | $ 20,317.58 |
| CIVPEN | 12-31-1998 | $ 500.00 | $ 45.33 | $ 545.33 |
| CIVPEN | 12-31-1999 | $ 500.00 | $ 29.96 | $ 529.96 |
| CIVPEN | 12-31-2000 | $ 1,002.31 | $ 60.07 | $ 1,062.38 |
| CIVPEN | 12-31-2001 | $ 500.00 | $ 17.32 | $ 517.32 |
| | | | Total Amount Due ▶ | $ 29,192.17 |

We figured the interest and late payment penalty to 01/29/2003.

Although we have told you to pay the amount you owe, it is still not paid.

This is your copy of a Notice of Levy we have sent to collect this unpaid amount. We will send other levies if we don't get enough with this one.

This levy requires the person who received it to turn over to us: (1) your wages and salary that have been earned but not paid yet, as well as wages and salary you earn in the future until this levy is released, and (2) your other income that the person has now or is obligated to pay you. These are levied to the extent they are not exempt as explained on the back of Part 5 of this form.

If you decide to pay the amount you owe now, please **bring a guaranteed payment (cash, cashier's check,** certified check, or money order) to the nearest IRS office with this form, so we can tell the person who received this levy not to send us your money. If you mail your payment instead of bringing it to us, we may not have time to stop the person who received this levy from sending us your money.

If you have any questions, or want to arrange payment before other levies are issued, please call or write us. If you write to us, please include your telephone number and the best time to call.

**Please see the back of Part 5 for instructions.**

**Exhibit # 2**

| Signature of Service Representative | Title |
|---|---|
| Susan Meredith | Operations Manager, Collection |

**Part 2** - FOR TAXPAYER

FORM 668-W(c)(Rev.1-01) 16748F

DEPARTMENT OF THE TREASURY
FINANCIAL MANAGEMENT SERVICE
P.O. BOX 1686
BIRMINGHAM, ALABAMA 35201-1686

**THIS IS NOT A BILL - PLEASE RETAIN FOR YOUR RECORDS**

Dear PHILLIP B SHANE:

As authorized by Federal law, we applied all or part of your Federal payment to a debt you owe. The government agency (or agencies) collecting your debt is listed below.

Internal Revenue Service
Federal Payment Levy Program
Stop 686
PO Box 57
Bensalem, PA 19020
**800-829-3903**
PURPOSE: Tax Levy

TIN Num: [redacted]
TOP Trace Num: P35751590
Acct Num: [redacted]
Amount This Creditor: $217.80
Creditor: 51 Site: MC

The Agency has previously sent notice to you at the last address known to the Agency. That notice explained the amount and type of debt you owe, the rights available to you, and that the Agency intended to collect the debt by intercepting any Federal payments made to you, including tax refunds. **If you believe your payment was reduced in error or if you have questions about this debt, you must contact the Agency at the address and telephone number shown above.** The U. S. Department of the Treasury's Financial Management Service cannot resolve issues regarding debts with other agencies.

We will forward the money taken from your Federal payment to the Agency to be applied to your debt balance; however, the Agency may not receive the funds for several weeks after the payment date. If you intend to contact the Agency, please have this notice available. Please do not contact the Social Security Administration regarding this reduction made in your Federal payment.

U. S. Department of the Treasury
Financial Management Service
(800) 304-3107
Telecommunications Device for the Deaf (TDD) (866) 297-0517

**PAYMENT SUMMARY**
PAYEE NAME: PHILLIP B SHANE
PAYMENT BEFORE REDUCTION: $1452.00
TOTAL AMOUNT OF THIS REDUCTION: $217.80
PAYING FEDERAL AGENCY: Social Security Administration
CLAIM ACCT NUM: [redacted]

PAYEE TIN: [redacted]
PAYMENT DATE: 01/24/07
PAYMENT TYPE: Check
BENEFICIARY TIN: [redacted]

FOR OFFICIAL USE ONLY: [redacted]

RC0506

**Exhibit # 3**

07 577 F RBW

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**

Phillip B. Shane

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ~~ATTORNEYS (FIRM~~ NAME, ADDRESS, AND TELEPHONE NUMBER)

Phillip B. Shane
P.O. Box 347
Dunsmuir, California
96025 (530) 235-4264

**DEFENDANTS**

United States Government

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE ... OF

Case: 1:07-cv-00577
Assigned To : Walton, Reggie B.
Assign. Date : 3/23/2007
Description: SHANE v. USA

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 3 Federal Question (U.S. Government Not a Party)
- ⦿ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

**○ A. *Antitrust***

- ☐ 410 Antitrust

**○ B. *Personal Injury/ Malpractice***

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- r
- bility
- ty
- Liability
- lity

**○ C. *Administrative Agency Review***

- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. *Temporary Restraining Order/Preliminary Injunction***

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

Court Name: District of Columbia
Division: 1
Receipt Number: 4616003154
Cashier ID: lwebb
Transaction Date: 03/26/2007
Payer Name: Phillip Shane

CIVIL FILING FEE
For: Phillip Shane
Amount: $350.00

MONEY ORDER
Check/Money Order Num: 18550508412
Amt Tendered: $350.00

Total Due: $350.00
Total Tendered: $350.00
Change Amt: $0.00

07-0577

Only when the bank clears the check, money order, or verifies credit of funds, is the fee or debt officially paid or discharged. A $45 fee will be charged for a returned check.

**OR**

- eal 28 USC 158
- drawal 28 USC 157
- itions
- th Penalty
- ndamus & Other
- il Rights
- on Condition
- hts
- yrights
- ent
- demark
- Suits
- s (US plaintiff or
- ndant
- -Third Party 26
- 7609

**⦿ F. *Pro Se General Civil***

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☒ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

**O G. *Habeas Corpus/ 2255***

- [ ] 530 Habeas Corpus-General
- [ ] 510 Motion/Vacate Sentence

**O H. *Employment Discrimination***

- [ ] 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)

*(If pro se, select this deck)*

**O I. *FOIA/PRIVACY ACT***

- [ ] 895 Freedom of Information Act
- [ ] 890 Other Statutory Actions (if Privacy Act)

*(If pro se, select this deck)*

**O J. *Student Loan***

- [ ] 152 Recovery of Defaulted Student Loans (excluding veterans)

**O K. *Labor/ERISA (non-employment)***

- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt. Reporting & Disclosure Act
- [ ] 740 Labor Railway Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

**O L. *Other Civil Rights (non-employment)***

- [ ] 441 Voting (if not Voting Rights Act)
- [ ] 443 Housing/Accommodations
- [ ] 444 Welfare
- [ ] 440 Other Civil Rights
- [ ] 445 American w/Disabilities-Employment
- [ ] 446 Americans w/Disabilities-Other

**O M. *Contract***

- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholder's Suits
- [ ] 190 Other Contracts
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**O N. *Three-Judge Court***

- [ ] 441 Civil Rights-Voting (if Voting Rights Act)

**V. ORIGIN**

⊙ 1 Original Proceeding O 2 Removed from State Court O 3 Remanded from Appellate Court O 4 Reinstated or Reopened O 5 Transferred from another district (specify) O 6 Multi district Litigation O 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Verified claim for damages pursuant to 26 USC 7433

**VII. REQUESTED IN COMPLAINT** [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $** 31,937.44 Check YES only if demanded in complaint **JURY DEMAND:** YES [X] NO [ ]

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES [ ] NO [X] If yes, please complete related case form.

**DATE** March 19, 2007 **SIGNATURE** ~~OF ATTORNEY OF RECORD~~ [signature]

JTC

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

RECEIVED
MAR 2 3 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT