IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PHILLIP B. SHANE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 1:07cv-577 (RBW) |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

### UNITED STATES' MOTION TO DISMISS COMPLAINT

DEFENDANT, the United States of America, moves the Court to dismiss plaintiff's complaint on the grounds that he failed to serve the Internal Revenue Service, failed to exhaust administrative remedies, and failed to state a claim upon which relief can be granted.

A memorandum of points and authorities in support of this motion and a proposed order are submitted herewith.

DATE: June 22, 2007.    Respectfully submitted,

/s/ Pat S. Genis
PAT S. GENIS, #446244
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Tel./FAX:  (202) 307-6390/614-6866
Email: pat.genis@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

2571929.1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

PHILLIP B. SHANE            )
                            )
        Plaintiff,          )
                            )
v.                          )   No: 1:07cv-577 (RBW)
                            )
UNITED STATES,              )
                            )
        Defendant.          )

### MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION TO DISMISS CASE

This is a civil action in which plaintiff alleges that the Internal Revenue Service disregarded various provisions of the Internal Revenue Code and regulations promulgated under the Code. Plaintiff seeks damages for alleged unauthorized collection activities.

QUESTIONS PRESENTED

1. Plaintiff failed to serve the Internal Revenue Service. Should this Court dismiss plaintiff's complaint for failure to properly serve the United States?

2. Plaintiff failed to allege that he exhausted his administrative remedies prior to filing his suit. Should this Court dismiss plaintiff's complaint for lack of jurisdiction, or in the alternative, for failure to state a claim?

3. Plaintiff seeks damages under 26 U.S.C. § 7433. The complaint consists of generalized allegations without factual support. Should the Court dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted?

STATEMENT

1. <u>Introduction & background</u>.  Plaintiff, Phillip B. Shane, filed this complaint on March 23, 2007, and served the United States Attorney General and the United States Attorney for the District of Columbia on April 23, 2007.  Plaintiff did not serve the Internal Revenue Service.

2. <u>Relief sought and allegations in the complaint</u>.  The complaint seeks damages under 26 U.S.C. § 7433.  (Compl., Remedy Sought, at 13.)  Plaintiff has organized his complaint into 26 purported "counts" of alleged wrongdoing by the Internal Revenue Service.  In each count, plaintiff makes no factual allegations, but merely restates the statutory language and asserts that the Internal Revenue Service failed to implement the statutes and regulations.<u>1</u>/

ARGUMENT

I

PLAINTIFF FAILED TO PROPERLY SERVE THE UNITED STATES

Under rule 4(i), the United States must be served by:  (1) delivering a copy of the summons and complaint to the United States attorney for the district in which the

---

<u>1</u>/ Plaintiff alleges that the Internal Revenue Service:  disregarded certain record-keeping and procedural requirements (counts 1, 2, 23); failed to prepare and execute substitutes for returns for him (counts 3-6); disregarded disclosure requirements (counts 7, 26); forced him to use social security numbers (count 8); failed to comply with assessment procedures (counts 9-15); failed to promulgate or implement regulations (counts 16, 17); failed to send required notices (counts 18, 22); failed to comply with section 6304 which prohibits harassing taxpayers (count 20); failed to provide a due process hearing (counts 19, 21); and improperly asserted tax liens (counts 24, 25).

action is brought, or by sending a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney; and (2) by sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and (3) by sending a copy of the summons and complaint by registered or certified mail to the officer, employee and/or agency of the United States being sued. Fed. R. Civ. P. 4(I); *Relf v. Gasch*, 511 F.2d 804 (D.C. Cir. 1975); *Hodge v. Rostker*, 501 F.Supp. 332, 332 (D.D.C. 1980).

Failure to properly serve the United States deprives the Court of personal jurisdiction, leaving the Court with no power to compel an answer or response. *Rabiolo v. Weinstein*, 357 F. 2d 167, 168 (7th Cir. 1966); *see also Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 715 n.6 (1982) (Powell, J. concurring). A jurisdictional defect of this sort is fatal to maintenance of an action. *Bland v. Britt*, 271 F.2d 193 (4th Cir. 1959). Accordingly, courts routinely dismiss actions when service is improper. *See Light v. Wolf*, 816 F. 2d 746, 750 (D.C. Cir. 1987). Once a defendant challenges the sufficiency of service of process, the party alleging adequate service of process has the burden of proving that such service was proper. *See Myers v. American Dental Ass'n*, 695 F. 2d 716, 725 n.10 (3d Cir. 1982); *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F. 2d 1134, 1139 (5th Cir. 1980).

In this case, plaintiff served the United States Attorney General and the United States Attorney for the District of Columbia; plaintiff, however, failed to serve the

Internal Revenue Service. Rule 4(i) provides that an agency must be served "in any action attacking the validity of an order of an . . . agency of the United States." Fed.R.Civ.P. 4(i)(1)(C). Section 7433 allows a taxpayer to commence a legal action attacking a determination by the Internal Revenue Service when either of two events occurs: 1) when the Internal Revenue Service issues a determination letter; or 2) upon the lapse of six months from the time a taxpayer files an administrative claim for damages. *See* 26 C.F.R. § 301.7433-1(d)(1); *Lindsey v. United States*, 448 F.Supp.2d 37, 53 (D.D.C. 2006). Because plaintiff is attacking the actions of the Internal Revenue Service, he must serve the Internal Revenue Service. Accordingly, since plaintiff failed to properly serve the United States, this Court should dismiss this complaint.

II

THE COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S DAMAGES CLAIM BECAUSE HE HAS FAILED, DUE TO PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES PRIOR TO FILING HIS SUIT

Plaintiff purports to state a claim for damages under 26 U.S.C. § 7433, and seeks unspecified damages (Compl. ¶ 19). This Court does not have jurisdiction over plaintiff's section 7433 claim because he has failed to demonstrate that he filed an administrative claim for damages with the Internal Revenue Service.

"The basic rule of federal sovereign immunity is that the United States cannot be sued *at all* without the consent of Congress." *Block v. North Dakota*, 461 U.S. 273, 287 (1983) (emphasis added). The party bringing suit must show that the United States has

unequivocally waived its sovereign immunity.  *McGuirl v. United States*, 360 F.Supp.2d 125, 128 (D.D.C. 2004) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936); *West v. F.A.A.*, 830 F.2d 1044, 1046 (9th Cir. 1987).  Section 7433 of the Internal Revenue Code (26 U.S.C.) provides the predicates for the United States' waiver of sovereign immunity with respect to suits for wrongful collection actions.

Under section 7433(a), prior to bringing a suit in federal district court for damages for the unauthorized collection of taxes, a taxpayer must exhaust his administrative remedies.  26 U.S.C. § 7433(a).  "A judgment for damages shall not be awarded under [7433] subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service."  26 U.S.C. § 7433(d)(1).

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under section 7433.  *See* 26 C.F.R. § 301.7433-1(e).  The regulations provide that—

> *An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages, as defined in paragraph (b) of this section [7433] shall be sent in writing* to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added).  The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives and include the following:  (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including

2571929.1                                                          5

any damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayer.  26 C.F.R. § 301.7433-1(e)(1) and (2).

Here, plaintiff has not alleged that he filed a written claim with the area director which complies with the requirements of the regulations; in fact, he does not even state that he exhausted administrative remedies. Therefore, plaintiff has not met his burden to prove that the United States has unequivocally waived its sovereign immunity. Because plaintiff has not met his burden to prove exhaustion of administrative remedies, this Court does not have jurisdiction over his section 7433 claim, and the Court should dismiss the complaint.2/

---

2/    The United States is aware that there is a split of opinion in this Court about whether the failure to exhaust administrative remedies requires dismissal for lack of jurisdiction, *see e.g., McGuirl v. United States*, 360 F.Supp.2d at 128; *Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1991); *Conforte v. United States*, 979 F.2d 1375 (9th Cir. 1992), or for failure to state a claim, *see e.g., Turner v. United States*, 429 F.Supp.2d 149 (D.D.C. 2006), *Lindsey v. United States*, 448 F.Supp.2d 37, 57-58 (D.D.C. 2006).  The United States continues to assert that the exhaustion of administrative remedies is a prerequisite to the United States' waiver of sovereign immunity.  But, if this Court determines that exhaustion of administrative remedies is not jurisdictional, the Court should dismiss plaintiff's complaint for failure to state a claim for which relief can be given, as set forth in *Turner*.

2571929.1                              6

III.

THE COURT SHOULD DISMISS PLAINTIFF'S CLAIM FOR DAMAGES
FOR FAILURE TO STATE A CLAIM.

Plaintiff attempts to state a claim for damages under 26 U.S.C. § 7433, and seeks $31,937.44. (Compl., Remedy Sought, at 13.) Plaintiff's complaint is legally insufficient because it fails to provide the necessary factual detail to state a claim, and should be dismissed under Fed.R.Civ.P. 12(b)(6). A complaint need only set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). The complaint must give "fair notice of the basis for . . . claims and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 507 (2002). Plaintiff's complaint, however, merely restates the statutory language and alleges no facts to support a claim for damages. Since plaintiff's compliant fails to provide either notice of the basis of his claims or the grounds upon which they rest, this court should conclude that plaintiff has not, in fact or law, stated a claim. *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).

Moreover, plaintiff has failed to state a claim under section 7433 because most of his allegations involve activities which are not related to the collection of taxes. Section 7433 authorizes damages for wrongful *collection* activities only. *See, e.g., Buaiz v. United States*, 471 F.Supp.2d 129, 137 (D.D.C. 2007) ("§ 7433 waives the United Sates' sovereign immunity only with respect to claims arising from the collection of income taxes") (citing cases); *Arnett v. United States*, 889 F.Supp. 1424, 1430 (D. Kan. 1995) (actions taken during assessment of tax under 26 U.S.C. § 6672 do not constitute collection activity for

purposes of Section 7433); *Sylvester v. United States*, 978 F.Supp. 1186 (E.D. Wis. 1997) (allegation that IRS incorrectly computed Section 6672 liability was an error in assessment and not collection and therefore irrelevant to Section 7433 claim); *Zolman v. IRS*, 87 F.Supp.2d 763 (W.D. Mich. 1999) (mere assertion of improper assessment of tax liability, without more, is insufficient for Section 7433 claim). All allegations in plaintiff's complaint which involve *non-collection* activities are not cognizant under section 7433, and must be dismissed. These non-collection activities are found in counts alleging violations of record-keeping and procedural requirements, (counts 1-2, 16-17 & 23); the preparation of substitutes for return for taxpayers who fail to file tax returns (counts 3-6); use of taxpayer identification numbers (count 8); assessment of taxes (counts 9-15, 18); collection due process hearings (counts 19 & 21); and disclosure of returns and information (counts 7 & 26).

Plaintiff alleges only six counts that relate to collections, counts 19-22 & 24-25. These six counts allege that the Internal Revenue Service: 1) failed to notify him of his right to a collection due process hearing (count 19); 2) engaged in harassing conduct (count 20); 3) failed to hold a collection due process hearing (count 21); 4) asserted a lien without notice and demand for payment (count 22); 5) asserted a lien without assessing taxes); and 6) asserted a lien in violation of the Uniform Federal Tax Registration Act (count 24). Plaintiff's allegations, each of which is discussed below, have no factual support whatsoever which sets forth the basis of his claim and shows hat plaintiff is entitled to relief. Thus, these allegations fail to state a claim.

First, plaintiff alleges that the Internal Revenue Service failed to give him notice of a right to a due process hearing (count 19). Section 6330(a) provides for a 30-day notice of the right to a hearing before levy. Section 6330(a) states that "[n]o levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of his right to a hearing . . . not less than 30 days before the day of the first levy." 26 U.S.C. § 6330(a).

Here, plaintiff has not alleged sufficient facts to determine whether he is entitled to relief under section 6330. Plaintiff alleges that a continuous levy has been imposed on his social security retirement payments and attaches "Exhibit #3", which is a notice to him from the Department of the Treasury, Financial Management Service, that they intended to forward $217.80 taken from plaintiff's "Federal payment" to the Internal Revenue Service on January 24, 2007. But it is impossible to determine whether the Internal Revenue Service notified plaintiff not less than 30 days before this levy that he had a right to a hearing.3/

---

3/ Plaintiff attaches a statement of facts listing 50 correspondences between himself and the Internal Revenue Service. Several times, plaintiff corresponded with the Internal Revenue Service about a collection due process hearing. In #30, plaintiff states the IRS responded to plaintiff's request for a collection due process hearing. In nos. 34, 37, and 43, the correspondence reflected plaintiff's request for a face-to-face collection due process hearing. And, in nos. 43 and 45, the Internal Revenue Service refers to plaintiff's refusal of a telephone collection due process hearing. Based on these facts alone, which plaintiff himself has provided, it seems plaintiff was well aware of his right to a collection due process hearing.

Second, plaintiff alleges that the Internal Revenue Service engaged in harassing conduct (count 20). Section 6304(b) states that "[t]he Secretary may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any unpaid tax." 26 U.S.C. § 6304(b). Again, plaintiff merely recites the statutory language, without providing any information about the conduct of the Internal Revenue Service and how that conduct is cognizable under the statute.

Third, plaintiff alleges that the Internal Revenue Service failed to hold a hearing before levy (counts 21). Section 6330(b) provides for a hearing before a levy is made. Section 6330(b) provides that a taxpayer is entitled to "notice and an opportunity for hearing upon filing of notice of lien." 26 U.S.C. §§ 6330(b). Upon the request of a taxpayer, one hearing will be held "with respect to the taxable period" described in the notice. 26 U.S.C. § 6320(b)(2). Plaintiffs' own statement of facts demonstrate that he was given an opportunity for a hearing, but refused a telephone hearing. (*See* plaintiff's statement of facts at #45 & #46.)

Fourth, plaintiff alleges that the Internal Revenue Service asserted a tax lien without proper notice and demand (count 22). The Internal Revenue Service must provide notice of a tax assessment and demand payment thereof within 60 days of an assessment, 26 U.S.C. § 6303, and must give a taxpayer 30 days notice before it can

make a levy. 26 U.S.C. § 6331(d)(2).4/  Again, plaintiff has provided no basis for his allegations and has provided no information from which this Court can conclude that he is entitled to relief. 5/  But, plaintiff's exhibit 1 is a notice of federal tax lien (Form 668 Y). The notice of federal tax lien (Form 668) itself asserts that demand for payment was made. Form 668 states: "Demand for payment of this liability has been made, but it remains unpaid." (*See* ex. 1.)  Thus Form 668 demonstrates that demand was made. And, if demand was made, notice was given. "[N]otice and demand are inextricably coupled." *United States v. Lorson Electric Co.*, 480 F.2d 554, 556 (2nd Cir. 1973). And, Accordingly, plaintiff's allegations that he did not receive proper notices and that the tax lien was filed without proper notice and demand for payment have no merit.

Fifth, plaintiff alleges that the Internal Revenue Service asserted liens for which no assessment was made (count 24). Section 6322 provides that a federal tax lien arises at the time of assessment. 26 U.S.C. § 6322. Section 6203 requires the Secretary to make an assessment. Here, plaintiff provides no facts from which this Court can determine whether plaintiff is entitled to relief. But, again, plaintiff's own exhibit 1 indicates that

---

4/  Section 6303 states that "the Secretary shall . . . within 60 days, after the making of an assessment of a tax . . . give notice to each person liable for the unpaid tax." 26 U.S.C. § 6303(a). Section 6321 provides that "[i]f any person liable to pay any tax neglects of refuses to pay the same *after demand*, the amount . . . shall be a lien in favor of the United States upon all property and rights to property . . . belonging to such person." 26 U.S.C. 6321.

5/  In addition, plaintiff's statement of facts contains numerous references to notices of tax assessments (*e.g.*, nos. 36, 45, 46).

the Internal Revenue Service's lien was based upon assessments of taxes for tax years 1998 through 2001.

Finally, plaintiff alleges that the Internal Revenue Service recorded and entered into the Public Record of Harris County, a lien in clear violation of Texas' Uniform Tax Lien Registration Act (count 25).  *See* Texas Property Code Ann. §§ 14.001, et seq. Section § 6323(f) sets forth the requirements for filing a notice of federal tax lien.  The statute requires that a notice of tax lien against property be filed "in the office with the State . . . as designated by the laws of such State, in which the property subject to the lien is situated."  26 U.S.C. § 6323(f)(1).  The notice of federal tax lien must be filed on "Form 668, Notice of Federal Tax Lien."  26 C.F.R. § 301.6323(f)-1(d)(1).  The Form 668 must identify the taxpayer, the tax liability, and the date of the assessment.  *Id*. at § 301.6323(f)-1(d)(2).

Here, the notice of federal tax lien against plaintiff was properly filed with the County Clerk, Harris County in Houston, Texas on Form 668.  *See* Texas Property Code Ann. § 14.002(b)(c).  The lien identified plaintiff as the taxpayer, the tax liability for years 1998 through 2001, and the date of assessment.  Plaintiff has not alleged what was improper about the notice of lien.  It appears that the lien notice was filed in the proper place, on the proper form and provided the required information; and thus met all the requirements of section 6323.

Based on the discussion above, plaintiff's allegations that the Internal Revenue Service engaged in unauthorized collection activities have no merit.  In none of the

allegations has the plaintiff provided any information whatsoever to demonstrate his right to relief. Accordingly, he has failed to state a claim, and this Court should dismiss his complaint. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1964-65.

## CONCLUSION

Plaintiff failed to properly serve the United States because he did not serve the Internal Revenue Service. Plaintiff also failed to allege that he exhausted his administrative remedies before filing his compliant. And plaintiff's claims which do not allege collection activities must be dismissed for lack of jurisdiction. The six allegations that purport to allege collection activities are completely devoid of fact or information from which the Court can conclude that plaintiff is entitled to relief under section 7433. Thus, these six claims must be dismissed for failure to state a claim for which relief can be granted.

DATE: June 13, 2007.

               Respectfully submitted,

               /s/ Pat S. Genis
               PAT S. GENIS, #446244
               Trial Attorney, Tax Division
               U.S. Department of Justice
               Post Office Box 227
               Washington, DC  20044
               Tel./FAX:  (202) 307-6390/614-6866

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

2571929.1              13

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| PHILLIP B. SHANE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No: 1:07cv-577 (RBW) |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the United States' MOTION TO DISMISS COMPLAINT and proposed ORDER were served upon plaintiff *pro se* on June 22, 2007, by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

> Phillip B. Shane
> *Plaintiff pro se*
> P.O. Box 347
> Dunsmuir, CA 96025

    /s/ Pat S. Genis
PAT S. GENIS, #446244

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| PHILLIP B. SHANE | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No: 1:07cv-577 (RBW) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

### **O R D E R**

Having considered the United States' motion to dismiss plaintiff's complaint, together with the memorandum in support thereof, and having further considered plaintiff's [lack of] opposition thereto, the Court concludes that the motion ought to be granted. Accordingly, it is this _____ day of _____, 2007, at Washington, District of Columbia,

ORDERED that defendant's motion to dismiss be and is GRANTED;

ORDERED that plaintiff' complaint be and is DISMISSED;

ORDERED that the Clerk shall distribute conformed copies of this order to the parties and representatives of the parties listed below.

_____
UNITED STATES DISTRICT JUDGE

COPIES TO:

PAT S. GENIS
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, DC 20044

Phillip B. Shane
*Plaintiff pro se*
P.O. Box 347
Dunsmuir, CA 96025