IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PHILLIP B. SHANE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No:  1:07cv-577 (RBW) |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' MOTION TO DISMISS AMENDED COMPLAINT

DEFENDANT, the United States of America, moves the Court to dismiss

plaintiff's amended complaint on the grounds that he failed to serve the Internal

Revenue Service, failed to exhaust administrative remedies, and failed to state a claim

upon which relief can be granted.

A memorandum of points and authorities  in support of this motion and a

proposed order are submitted herewith.

DATE: August 1, 2007.              Respectfully submitted,

                                                     /s/ Pat S. Genis
                                                   PAT S. GENIS, #446244
                                                   Trial Attorney, Tax Division
                                                   U.S. Department of Justice
                                                   Post Office Box 227
                                                   Washington, DC  20044
                                                   Tel./FAX:  (202) 307-6390/614-6866
                                                   Email: pat.genis@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

2644096.1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PHILLIP B. SHANE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No:  1:07cv-577 (RBW) |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF UNITED  STATES'
MOTION TO DISMISS AMENDED COMPLAINT**

This is a civil action in which plaintiff alleges that the Internal Revenue Service disregarded various provisions of the Internal Revenue Code and regulations promulgated under the Code.  Plaintiff seeks damages for alleged unauthorized collection activities.

QUESTIONS PRESENTED

1.  Plaintiff  failed to serve the Internal Revenue Service.  Should this Court dismiss plaintiff's amended complaint for failure to properly serve the United States?

2.  Plaintiff seeks a tax refund.  Plaintiff has not alleged that he filed an administrative claim for refund.  Should the Court dismiss the claim for lack of jurisdiction?

3.  Plaintiff failed to allege that he exhausted his administrative remedies prior to filing his suit and his amended complaint consists of generalized allegations without

factual support.  Should this Court dismiss plaintiff's amended complaint for lack of

jurisdiction, or in the alternative, for failure to state a claim?

STATEMENT

1. <u>Introduction & background</u>.  Plaintiff, Phillip B. Shane, filed a complaint on

March 23, 2007, and served the United States Attorney General and the United States

Attorney for the District of Columbia on April 23, 2007.  Plaintiff did not serve the

Internal Revenue Service.   The United States filed a motion to dismiss plaintiff's

complaint on June 22, 2007.  Two weeks later, on July 6, 2007, plaintiff filed this

amended complaint.  The Court dismissed the United States' motion to dismiss as moot

on July 26, 2007.

2. <u>Relief sought and allegations in the amended complaint</u>.  The amended

complaint seeks damages under 26 U.S.C. § 7433.  (Am. compl., Remedy Sought, at 18.)

Plaintiff has organized his amended complaint into 39 purported "counts" of alleged

wrongdoing by the Internal Revenue Service.  In each count, plaintiff makes no factual

allegations, but merely restates the statutory language and asserts that the Internal

Revenue Service failed to implement the statutes and regulations.<u>1</u>/

---

<u>1</u>/ Plaintiff alleges that the Internal Revenue Service:
 disregarded record-keeping and procedural requirements (counts 1, 2);
failed to prepare and execute substitutes for returns for him (counts 3-8);
disregarded disclosure requirements (count 9);
forced him to use a social security number (count 10);
 failed to comply with assessment procedures (counts 11-17, 33);
failed to promulgate or implement regulations (counts 18, 19);
failed to implement various statutes (counts 20-26, 28, 29, 34, 37, 38);
failed to send required notices (count 27);

ARGUMENT

I

PLAINTIFF FAILED TO PROPERLY SERVE THE UNITED STATES

Under rule 4(i), the United States must be served by: (1) delivering a copy of the summons and complaint to the United States attorney for the district in which the action is brought, or by sending a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney; and (2) by sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and (3) by sending a copy of the summons and complaint by registered or certified mail to the officer, employee and/or agency of the United States being sued. Fed. R. Civ. P. 4(I); *Relf v. Gasch*, 511 F.2d 804 (D.C. Cir. 1975); *Hodge v. Rostker*, 501 F.Supp. 332, 332 (D.D.C. 1980).

Failure to properly serve the United States deprives the Court of personal jurisdiction, leaving the Court with no power to compel an answer or response. *Rabiolo v. Weinstein*, 357 F. 2d 167, 168 (7th Cir. 1966); *see also Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 715 n.6 (1982) (Powell, J. concurring). A jurisdictional defect of this sort is fatal to maintenance of an action. *Bland v. Britt*, 271 F.2d 193 (4th Cir. 1959). Accordingly, courts routinely dismiss actions when service is

---

harassed him in violation of section 6304 (count 30);
failed to provide a hearing (count 31); and
improperly asserted tax liens (counts 32, 35, 36, 39).

improper.  *See Light v. Wolf*, 816 F. 2d 746, 750 (D.C. Cir. 1987).  Once a defendant

challenges the sufficiency of service of process, the party alleging adequate service of

process has the burden of proving that such service was proper.  *See Myers v. American*

*Dental Ass'n*, 695 F. 2d  716, 725 n.10 (3d Cir. 1982); *Familia De Boom v. Arosa Mercantil,*

*S.A.*, 629 F. 2d 1134, 1139 (5th Cir. 1980).

      In this case, plaintiff served the United States Attorney General and the United

States Attorney for the District of Columbia; plaintiff, however, failed to serve the

Internal Revenue Service.  Rule 4(i) provides that an agency must be served "in any

action attacking the validity of an order of an . . . agency of the United States."

Fed.R.Civ.P. 4(i)(1)(C).  Section 7433 allows a taxpayer to commence a legal action

attacking a determination by the Internal Revenue Service when either of two events

occurs: 1) when the Internal Revenue Service issues a determination letter; or 2) upon

the lapse of six months from the time a taxpayer files an administrative claim for

damages.  *See* 26 C.F.R. § 301.7433-1(d)(1); *Lindsey v. United States*, 448 F.Supp.2d 37, 53

(D.D.C. 2006).  Because plaintiff is attacking the actions of the Internal Revenue Service,

he must serve the Internal Revenue Service.   Accordingly, since plaintiff failed to

properly serve the United States, this Court should dismiss this amended complaint.

II.

THE COURT LACKS SUBJECT MATTER JURISDICTION OVER
PLAINTIFF'S REFUND CLAIM BECAUSE HE FAILED TO EXHAUST
ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT

This Court does not have jurisdiction over plaintiff's claim for a tax refund.

Plaintiff seeks $31,937.44 which he alleges have been "unlawfully taken" from him.

(Am. compl. at 18.)  Plaintiff does not allege that he has either filed a claim for refund or

fully paid the federal taxes.  Both are necessary to waive the United States' sovereign

immunity.  *See United States v. Dalm*, 494 U.S. 596, 601-602 (1990) (a claim for refund is

necessary before filing a suit for a tax refund); 26 U.S.C. § 7422 (same); *Flora v. United

States*, 362 U.S. 145, 177 (1960) (payment in full is required before filing a suit for a tax

refund); *Vanskiver v. Rossotti*, 2001WL361470, *1 (D.D.C. 2001) (same).  Plaintiff has the

burden to show that sovereign immunity has been waived.  *See, e.g., Paradyne Corp. v.

U.S. Dept. of Justice*, 647 F.Supp. 1228, 1231 (D.D.C. 1986) (citing *United States v.

Sherwood*, 312 U.S. 584, 586 (1941)).  Under 26 U.S.C. § 7422, "[n]o suit or proceeding

shall be maintained in any court for the recovery of an internal revenue tax alleged to

have been erroneously or illegally assessed or collected . . . until a claim for refund or

credit has been duly filed . . . ."  26 U.S.C. § 7422(a).  Since plaintiff has not even alleged

that he filed a claim for refund, this Court lacks jurisdiction.  *Dalm*, 494 U.S. at 601-602.

Likewise, plaintiff has not alleged that he fully paid his tax liabilities, a failure that is

fatal to a suit for refund.  *See Flora*, 362 U.S. at 177.

_____Because plaintiff has not alleged that he filed a claim for refund and fully paid the federal taxes, the United States' sovereign immunity has not been waived, and this Court lacks subject-matter jurisdiction over his claim for a refund.

III.

PLAINTIFF HAS FAILED TO STATE A CLAIM FOR DAMAGES UNDER SECTION 7433

A. <u>Plaintiff has not exhausted his administrative remedies</u>. This Court does not have jurisdiction over plaintiff's claim for damages under 26 U.S.C. § 7433 because plaintiff has failed to demonstrate that he filed an administrative claim for damages with the Internal Revenue Service.

"The basic rule of federal sovereign immunity is that the United States cannot be sued *at all* without the consent of Congress." *Block v. North Dakota*, 461 U.S. 273, 287 (1983) (emphasis added). The party bringing suit must show that the United States has unequivocally waived its sovereign immunity. *McGuirl v. United States*, 360 F.Supp.2d 125, 128 (D.D.C. 2004) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936); *West v. F.A.A.*, 830 F.2d 1044, 1046 (9th Cir. 1987). Section 7433 of the Internal Revenue Code (26 U.S.C.) provides the predicates for the United States' waiver of sovereign immunity with respect to suits for wrongful collection actions.

Under section 7433(a), prior to bringing a suit in federal district court for damages for the unauthorized collection of taxes, a taxpayer must exhaust his administrative remedies. 26 U.S.C. § 7433(a). "A judgment for damages shall not be awarded under [7433] subsection (b) unless the court determines that the plaintiff has

exhausted the administrative remedies available to such plaintiff within the Internal

Revenue Service."  26 U.S.C. § 7433(d)(1).

The Secretary of the Treasury has promulgated regulations governing the

administrative claim for damages under section 7433.  *See* 26 C.F.R. § 301.7433-1(e).  The

regulations provide that—

> *An administrative claim for the lesser of $1,000,000 ($100,000 in*
> *the case of negligence) or actual, direct economic damages, as*
> *defined in paragraph (b) of this section [7433] shall be sent in*
> *writing* to the Area Director, Attn: Compliance Technical
> Support Manager of the area in which the taxpayer currently
> resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added).  The taxpayer must send a written

administrative claim for damages to the area director in the district in which the

taxpayer lives and include the following:  (1) the grounds for the claim; (2) a description

of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including

any damages not yet incurred but that are reasonably foreseeable; and (4) the signature

of the taxpayer.  26 C.F.R. § 301.7433-1(e)(1) and (2).

Here, plaintiff has not alleged that he filed a written claim with the area director

which complies with the requirements of the regulations.  Therefore, plaintiff has not

met his burden to prove that the United States has unequivocally waived its sovereign

immunity.  Because plaintiff has not met his burden to prove exhaustion of

administrative remedies, this Court does not have jurisdiction over his section 7433 claim, and the Court should dismiss the complaint.2/

      B.  <u>Plaintiff has failed to state a claim under section 7433</u>.  Plaintiff attempts to state a claim for damages under 26 U.S.C. § 7433, and seeks "$10,000 per disregard for a total of $390,000," and $27,719 in compensatory damages.  (Compl., Remedy Sought, at 13.)  Plaintiff's amended complaint is legally insufficient because it fails to provide the necessary factual detail to state a claim, and should be dismissed under Fed.R.Civ.P. 12(b)(6).  A complaint need only set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a).  The complaint must give "fair notice of the basis for . . . claims and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 507 (2002).  Plaintiff's amended complaint, however, merely restates the statutory language and alleges no facts to support a claim for damages.  Since plaintiff's compliant fails to provide either notice of the basis of his claims or the grounds upon which they rest, this court should conclude that plaintiff

---

      <u>2</u>/    The United States is aware that there is a split of opinion in this Court about whether the failure to exhaust administrative remedies requires dismissal for lack of jurisdiction, *see e.g., McGuirl v. United States*, 360 F.Supp.2d at 128; *Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1991); *Conforte v. United States*, 979 F.2d 1375 (9th Cir. 1992), or for failure to state a claim, *see e.g., Turner v. United States*, 429 F.Supp.2d 149 (D.D.C. 2006), *Lindsey v. United States*, 448 F.Supp.2d 37, 57-58 (D.D.C. 2006).  The United States continues to assert that the exhaustion of administrative remedies is a prerequisite to the United States' waiver of sovereign immunity.  But, if this Court determines that exhaustion of administrative remedies is not jurisdictional, the Court should dismiss plaintiff's action for damages for failure to state a claim for which relief can be given, as set forth in *Turner*.

has not, in fact or law, stated a claim.  *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).

Moreover, plaintiff has failed to state a claim under section 7433 because most of his allegations involve activities which are not related to the collection of taxes.  Section 7433 authorizes damages for wrongful *collection* activities only.  *See, e.g., Buaiz v. United States*, 471 F.Supp.2d 129, 137 (D.D.C. 2007) ("§ 7433 waives the United Sates' sovereign immunity only with respect to claims arising from the collection of income taxes") (citing cases); *Arnett v. United States*, 889 F.Supp. 1424, 1430 (D. Kan. 1995) (actions taken during assessment of tax under 26 U.S.C. § 6672 do not constitute collection activity for purposes of Section 7433); *Sylvester v. United States*, 978 F.Supp. 1186 (E.D. Wis. 1997) (allegation that IRS incorrectly computed Section 6672 liability was an error in assessment and not collection and therefore irrelevant to Section 7433 claim); *Zolman v. IRS*, 87 F.Supp.2d 763 (W.D. Mich. 1999) (mere assertion of improper assessment of tax liability, without more, is insufficient for section 7433 claim).

All allegations in plaintiff's amended complaint which involve *non-collection* activities are not cognizant under section 7433, and must be dismissed.  These non-collection activities are found in counts alleging violations of record-keeping and procedural requirements, (counts 1-2, 18-19); the preparation of substitutes for return for taxpayers who fail to file tax returns (counts 3-8); use of taxpayer identification numbers (count 10); assessment of taxes (counts 11-17, 33); failure to hold hearing (count 31); and disclosure of returns and  information (counts 9, 39).

C.  Plaintiff's collection-related allegations do not entitle him to relief.  Plaintiff has alleged several counts that relate to collections: counts 20-26, 28-32, 34-39.  Plaintiff's allegations, each of which is discussed below, have no factual support whatsoever which sets forth the basis of his claim and shows hat plaintiff is entitled to relief.  Thus, these allegations fail to state a claim.

1.  Counts 20-26.  Counts 20-26 state merely that the Internal Revenue Service "failed to implement" section 6301 of the Internal Revenue Code.  Section 6301 states, in its entirety, that "[t]he Secretary shall collect the taxes imposed by the internal revenue code."  26 U.S.C. § 6301.  It is evident that plaintiff has not alleged sufficient facts to determine whether he is entitled to relief under section 6301.  On the contrary, plaintiff has alleged that the Internal Revenue Service collected $31,937.44 from him.  (Am. compl., Remedy Sought, at 18.)

2.  Counts 27-32.  Counts 27-32 allege that 1) the Internal Revenue Service failed to provide him with a 60-day notice and to implement section 6303 (counts 27-29); engaged in harassing conduct (count 30); failed to hold a hearing (count 31); and asserted a lien without notice and demand (count 32).  None of these allegations, each of which is discussed below, entitles plaintiff to relief.

Plaintiff alleges that the Internal Revenue Service failed to give him notice within 60 days of assessment (count 27), failed to implement section 6303 (count 28-29) and asserted a lien without notice and demand (count 32).  The Internal Revenue Service must provide notice of a tax assessment and demand payment thereof within 60 days of

an assessment, 26 U.S.C. § 6303.  Here, plaintiff has provided no basis for his allegations and has provided no information from which this Court can conclude that he is entitled to relief. 3/ Moreover, plaintiff's exhibit 1, a notice of federal tax lien (Form 668 Y), demonstrates that plaintiff received notice and demand.  The notice of federal tax lien (Form 668) itself asserts that demand for payment was made.  Form 668 states: "Demand for payment of this liability has been made, but it remains unpaid."  (*See* ex. 1.)  Thus Form 668 demonstrates that demand was made.  And, if demand was made, notice was given. "[N]otice and demand are inextricably coupled."  *United States v. Lorson Electric Co.*, 480 F.2d 554, 556 (2nd Cir. 1973).  And, Accordingly, plaintiff's allegations that he did not receive proper notices and that the tax lien was filed without proper notice and demand for payment have no merit.

Plaintiff also alleges that the Internal Revenue Service engaged in harassing conduct (count 30).  Section 6304(b) states that "[t]he Secretary may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any unpaid tax."  26 U.S.C. § 6304(b).  Again, plaintiff merely recites the statutory language, without providing any information about the conduct of the Internal Revenue Service and how that conduct is cognizable under the statute.

_____

3/  In addition, plaintiff's statement of facts contains numerous references to notices of tax assessments (*e.g.*, nos. 36, 45, 46).

2644096.1                        11

Plaintiff alleges that the Internal Revenue Service failed to hold a hearing upon filing of a the notice of lien (count 31).  Section 6320(b) provides for a hearing upon the filing of a federal tax lien.  Section 6320 provides that "not more than 5 business days after the day of the filing of the notice of lien" the Internal Revenue Service must send a notice informing the taxpayer of, among other things, "the right of the person to request a hearing."  26 U.S.C. § 6320.   Upon the request of a taxpayer, one hearing will be held "with respect to the taxable period" described in the notice.  26 U.S.C. § 6320(b)(2).  Plaintiff has not asserted that he requested a hearing, or any other facts from which the Court could conclude that he is entitled to relief. 4/

3.  Counts 34-38.  In these counts, plaintiff challenges various aspects of the federal tax lien.  Plaintiff alleges that the Internal Revenue Service failed to implement section 6321.  Section 6321 provides only that a lien attaches to the property of any person who fails to pay taxes.  26 U.S.C. § 6321.  Plainly, plaintiff's allegation here fails to state a claim.  Counts 35, 37, and 38 assert that the Internal Revenue Service failed to

---

4/ In his amended complaint, plaintiff cites to section 6320 while alleging that the Internal Revenue Service failed to hold a hearing.  (See count 31.)  It is clear, however, that plaintiff was advised of his right to a due process hearing under section 6330.  In his complaint, plaintiff attached a statement of facts listing 50 correspondences between himself and the Internal Revenue Service.  Several times, plaintiff corresponded with the Internal Revenue Service about a collection due process hearing.  In #30, plaintiff states the Internal Revenue Service responded to plaintiff's request for a collection due process hearing.  In nos. 34, 37, and 43, the correspondence reflected plaintiff's request for a face-to-face collection due process hearing.  And, in nos. 43 and 45, the Internal Revenue Service refers to plaintiff's refusal of a telephone collection due process hearing.  Based on these facts alone, which plaintiff himself has provided, it seems plaintiff was well aware of his right to a collection due process hearing.

implement section 6323. Section 6323 sets forth the validity and priority of the federal tax lien against certain persons, but plaintiff does not appear to fit any of the listed categories. Count 36 alleges that the Internal Revenue Service failed to certify the notice of federal tax lien in accordance with the Uniform Federal Tax Lien Registration Act as enacted in Texas. *See* Texas Property Code Ann. §§ 14.001, et seq. Section § 6323(f) sets forth the requirements for filing a notice of federal tax lien. The statute requires that a notice of tax lien against property be filed "in the office with the State . . . as designated by the laws of such State, in which the property subject to the lien is situated." 26 U.S.C. § 6323(f)(1). The notice of federal tax lien must be filed on "Form 668, Notice of Federal Tax Lien." 26 C.F.R. § 301.6323(f)-1(d)(1). The Form 668 must identify the taxpayer, the tax liability, and the date of the assessment. *Id*. at § 301.6323(f)-1(d)(2).

Here, the notice of federal tax lien against plaintiff was properly filed with the County Clerk, Harris County in Houston, Texas on Form 668. *See* Texas Property Code Ann. § 14.002(b)(c). The lien identified plaintiff as the taxpayer, the tax liability for years 1998 through 2001, and the date of assessment. Plaintiff has not alleged what was improper about the notice of lien. It appears that the lien notice was filed in the proper place, on the proper form and provided the required information; and thus met all the requirements of section 6323.

Based on the discussion above, plaintiff's allegations that the Internal Revenue Service engaged in unauthorized collection activities have no merit. In none of the allegations has the plaintiff provided any information whatsoever to demonstrate his

right to relief.  Accordingly, he has failed to state a claim, and this Court should dismiss

his amended complaint.  *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. at 1964-65.

In addition, plaintiff has failed to state a claim as to nearly all his "counts" because he

does not involve collection activities, and thus are not cognizable under section 7433.

Of the counts that could be construed as collection activity, plaintiff has failed to state a

claim.  Therefore, this Court should dismiss plaintiff's amended complaint for failure to

state a claim.

IV.

PLAINTIFF'S REQUEST TO ENJOIN THE INTERNAL REVENUE SERVICE FROM FURTHER ACTION
AGAINST HIM IS BARRED BY THE ANTI-INJUNCTION ACT

Plaintiff seeks an order "compelling agency action unlawfully withheld or

unreasonably denied."  (Am. Compl., Remedy Sought, at 18.)   To the extent this relief

may be construed as an order enjoining the Internal Revenue Service from engaging in

any further tax collection activities, such relief is barred by the Anti-Injunction Act (26

U.S.C. § 7421).5/  The Act specifies that no court shall exercise jurisdiction over a suit

for the "purpose of restraining the assessment or collection of any tax," as is the patent

objective of plaintiff's claim.  *See* 26 U.S.C. § 7421(a).  Thus, the Act precludes this Court

from exercising jurisdiction over any action, such as this one, which seeks to enjoin the

---

5/ To the extent plaintiff's request may be construed as seeking declaratory
relief, such relief is barred under the Declaratory Judgment Act, 28 U.S.C. § 2201.

collection of taxes.6/  *See Foodservice & Lodging Institute, Inc. v. Reagan*, 809 F.2d 842, 844-45 (D.C. Cir. 1987); *American Federation of Gov't Employees, AFL-CIO v. United States*, 660 F.Supp. 12, 13, (D.D.C. 1987).

Although the Supreme Court has recognized a narrow, judicial exception to section 7421, the exception is inapplicable to the present case.  In *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962), the Supreme Court decided that the Anti-Injunction Act would not apply (1) if, when the facts and law are examined in the light most favorable to the government, under no circumstances could the government prevail, and (2) equity jurisdiction otherwise existed.  *See Flynn v. United States*, 786 F.2d 586, 589 (3d Cir. 1986).  The burden is on the plaintiff to demonstrate that his suit falls within the purview of the judicially-created exception to the Anti-Injunction Act. *Bowers v. United States*, 423 F.2d 1207, 1208 (5th Cir. 1970).

Plaintiff cannot demonstrate that under the circumstances of this case, the government could never prevail.  Plaintiff alleges that the Internal Revenue Service acted improperly in connection with the collection of federal taxes, but does not identify the specific tax years at issue, the type of tax, amounts or dates of alleged "wrongful" collection, specifics as to the alleged wrongdoing by the Internal Revenue Service, or other facts which identify wrongdoing and his entitlement to relief.  Primarily, he

---

6/ Section 7421(a) includes several exceptions; but plaintiff has made no specific allegations that he falls within any of these statutory exceptions.  Thus, none of the statutory exceptions are relevant to plaintiff's allegations.

merely express his dissatisfaction that the Internal Revenue Service is attempting to collect his unpaid taxes.

As for the second prong of *Enochs*, plaintiff has failed to demonstrate the existence of equitable jurisdiction. Plaintiff must show that there is irreparable injury and inadequacy of legal remedies. *See Foodservice & Lodging Institute*, 809 F.2d at 844-45; *Flynn* , 766 F.2d at 598. In certain situations, plaintiff could temporarily forestall collection—the ultimate relief he  requests—by requesting a "collection due process hearing" with the Internal Revenue Service. *See* 26 U.S.C. § 6330. Moreover, he can fully pay the taxes and *then* file a claim for refund. Because the Internal Revenue Code provides administrative procedures by which plaintiff can obtain relief, there is no equitable jurisdiction. Accordingly, plaintiff's amended complaint fails the second prong of the *Enochs* test as well.

This Court lacks jurisdiction over plaintiff's request for injunctive relief because such relief is barred by the Anti-Injunction Act. Plaintiff has not established the extraordinary circumstances that may justify issuing an injunction under the judicial exception. Thus, the Court should dismiss this case.

V.

### THE COURT SHOULD DISMISS PLAINTIFF'S CLAIMS UNDER THE ADMINISTRATIVE PROCEDURES ACT

Plaintiff also asserts jurisdiction for his damages claim under the Administrative Procedures Act ("APA"). (*See* Am. Compl., at 2.) An action brought under the APA is

barred if it concerns the assessment or collection of federal taxes. *See Murphy v. Internal Revenue* Service, 460 F.3d 79, 82 (D.D.C. 2006) (vacated on other grounds); *Foodservice and Lodging Institute, Inc. v. Regan*, 809 F.2d 842, 844-845 (D.C. Cir. 1987).

"Under the Administrative Procedure Act (APA), final agency decisions are generally susceptible to judicial review."7/ *Beall v. United States*, 336 F.3d 419, 425 (5th Cir. 2003). Courts, however, should not review agency actions under the APA where there is an adequate remedy under the Internal Revenue Code. *Id.* The APA should not be used "as a vehicle for bringing a challenge to a decision" of the Internal Revenue Service

> Congress did not intend the general grant of review in the APA to duplicate existing procedures for review of agency actions. *Bowen v. Massachusetts*, 487 U.S. 879 (1988). And review under the APA is accordingly available only where there is no other adequate remedy in a court.

*Id.* (quoting 5 U.S.C. § 701, citing *Poirier v. Commissioner*, 299 F.Supp. 465, 466 (E.D. La. 1969) (denying relief under the APA where taxpayers had an adequate remedy under the Internal Revenue Code)) (other citations omitted).

Here, plaintiff is seeking damages for the alleged unauthorized collection of federal taxes. He has an adequate remedy under 26 U.S.C. § 7433; *i.e.*, plaintiff has the right to bring a damages action in district court – a remedy of which plaintiff is availing

---

7/    Section 701(a) of the APA, however proscribes review in two narrow situations, namely where (1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law. *Beall*, 336 F.3d at 425.

himself in this lawsuit.  The APA does not provide jurisdiction over actions concerning the assessment and/or collection of federal taxes, and this Court should dismiss plaintiff's amended complaint.8/

CONCLUSION

Plaintiff has failed to properly serve the United States, to exhaust administrative remedies for a tax refund or damages under section 7433, to state a claim upon which relief can be granted with respect to his damages claim, or to establish this Court's jurisdiction under any other statutes.  For the reasons stated above, this Court should dismiss plaintiff's complaint.

DATE: August 1, 2007.

Respectfully submitted,

/s/ Pat S. Genis
PAT S. GENIS, #446244
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Tel./FAX:  (202) 307-6390/614-6866

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

---

8/ Plaintiff also asserts jurisdiction under the Federal Records Act, 44 U.S.C. § 3101 and the National Archives Act, 44 U.S.C. § 3106. (Am compl. at 2.)  Section 7433 is the exclusive remedy for damages involving the collection of federal taxes.  *See Lutz v. United States*, 2007WL1954438 (D.D.C. 2007), citing *Ross v. United States*, 460 F.Supp.2d 139, 151, n.8 (D.D.C. 2006).

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PHILLIP B. SHANE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 1:07cv-577 (RBW) |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

<u>CERTIFICATE OF SERVICE</u>

IT IS CERTIFIED that the United States' MOTION TO DISMISS AMENDED

COMPLAINT and proposed ORDER were served upon plaintiff *pro se* on August 1,

2007, by depositing a copy in the United States' mail, postage prepaid, addressed as

follows:

>Phillip B. Shane
>*Plaintiff pro se*
>P.O. Box 347
>Dunsmuir, CA 96025


>/s/ Pat S. Genis
>PAT S. GENIS, #446244

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PHILLIP B. SHANE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 1:07cv-577 (RBW) |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Having considered the United States' motion to dismiss plaintiff's amended

complaint, together with the memorandum in support thereof, and having further

considered plaintiff's [lack of] opposition thereto, the Court concludes that the motion

ought to be granted.  Accordingly, it is this _____ day of _____, 2007, at

Washington, District of Columbia,

ORDERED that defendant's motion to dismiss be and is GRANTED;

ORDERED that plaintiff' amended complaint be and is DISMISSED;

ORDERED that the Clerk shall distribute conformed copies of this order to the

parties and representatives of the parties listed below.

_____
UNITED STATES DISTRICT JUDGE

COPIES TO:

PAT S. GENIS
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, DC 20044

Phillip B. Shane
*Plaintiff pro se*
P.O. Box 347
Dunsmuir, CA 96025