UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHILLIP B. SHANE, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 07-577 (RBW) |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Phillip B. Shane, the plaintiff in this civil case, seeks to recover damages against the United States of America pursuant to the Taxpayer Bill of Rights, 26 U.S.C. § 7433 (2000), based on multiple alleged violations of the Internal Revenue Code, 26 U.S.C. §§ 1-9833 (2000), and various regulations enforcing those statutory provisions by the Internal Revenue Service (the "IRS"). Amended Verified Complaint, Petition, and Claim for Judicial Review and for Damages in the Nature of a Complaint, Petition, and Claim for Judicial Review and for Damages under the Authority of 26 U.S.C. § 7433 (the "Am. Compl.") at 1-18. The defendant seeks dismissal of the plaintiff's amended complaint "on the grounds that he failed to serve the [IRS], failed to exhaust administrative remedies, and failed to state a claim upon which relief can be granted." United States'[s] Motion to Dismiss Amended Complaint at 1. After carefully reviewing the plaintiff's amended complaint, the defendant's motion to dismiss, and all memoranda and exhibits relevant

1

thereto,[1] the Court concludes for the reasons that follow that it must grant the defendant's motion and dismiss the plaintiff's amended complaint in its entirety.

## I. Background

The following facts are alleged in the plaintiff's amended complaint. The plaintiff, a resident of California, Am. Compl. ¶ 1(A), has been the subject of scrutiny by the IRS since March of 1999, when he received a letter from an IRS agent indicating that his 1998 tax return had been changed by the IRS, Verified Statement of Facts Regarding Unlawful Collection Activities and Multiple Violations of Title 26 U.S.C. (the "Pl.'s Facts") ¶ 1.[2] After receiving a similar letter from the IRS on October 11, 2000, id. ¶ 2, the plaintiff learned on July 22, 2002, that the IRS intended to levy certain of his assets based on taxes owed for tax year 1998, id. ¶ 19, and on September 9, 2002, that taxes were owed based on his 1998 return, id. ¶ 23. The IRS issued substantially identical letters to the plaintiff throughout 2001 and 2002 with respect to the plaintiff's 2000 tax return, id. ¶¶ 4-9, 12, 17, 20, 22, and throughout 2002 with respect to the plaintiff's 1999 tax return, id. ¶¶ 10, 15-16, and unfiled 2001 tax return, id. ¶¶ 18, 21, 29, 32, 36.

On October 28, 2002, the IRS issued a letter directing the plaintiff to contact the agency immediately to prevent the loss of his property. Id. ¶ 24. The plaintiff wrote a letter in response to this notice, to which the IRS never responded. Id. Instead, on January 6, 2003, the IRS issued

---

[1] In addition to the plaintiff's amended complaint and the defendant's motion to dismiss, the Court considered the following documents in reaching its decision: (1) the defendant's Memorandum in Support of United States'[s] Motion to Dismiss Amended Complaint (the "Def.'s Mem."), and (2) the plaintiff's Response to Motion to Dismiss (the "Pl.'s Opp'n").

[2] The plaintiff's supplemental statement facts are attached as an unmarked exhibit to his amended complaint. The Court will therefore treat the amended complaint as incorporating this statement for purposes of the defendant's motion to dismiss. See In re Cheney, 406 F.3d 723, 729 (D.C. Cir. 2005) ("In determining whether to dismiss, courts treat documents attached to a complaint as if they are part of the complaint.").

a notice to the plaintiff that it would levy his wages, prompting the plaintiff to write another letter in which he demanded proof of his liability. Id. ¶ 25. The IRS responded to this correspondence in a letter of its own dated March 5, 2003. Id. ¶ 28.

After corresponding with the IRS over the course of 2003 about the various claims arising from the plaintiff's 1998-2001 tax returns, id. ¶¶ 30-31, 34, 37, the United States Tax Court (the "Tax Court") accepted one of the plaintiff's letters as "an imperfect petition" on November 3, 2003, id. ¶ 39. When the plaintiff failed to file the forms necessary to perfect his petition, the Tax Court dismissed his petition for lack of jurisdiction. Id. ¶ 42. Notwithstanding this action by the Tax Court, the IRS wrote the plaintiff again on October 7, 2004, to offer him the opportunity for a face-to-face hearing if the plaintiff was "prepared to discuss issues relevant to paying [his] tax liability." Id. ¶ 43. The plaintiff responded by demanding that the contact person listed on the October 7, 2004 letter recuse herself and refer the plaintiff's hearing "to an impartial individual who will reach a decision after [a] hearing." Id.

On November 23, 2004, the Inspector General for the Tax Administration sent a letter to the plaintiff informing him that it had reviewed the plaintiff's complaint in response to the IRS's October 7, 2004 letter and would take "appropriate action." Id. ¶ 44. The IRS then sent a letter dated December 10, 2004, in which it stated that the plaintiff had declared a telephone hearing "unacceptable"–a charge the plaintiff denies. Id. ¶ 45. The IRS sent a second letter to the same effect on March 10, 2005. Id. ¶ 46. The IRS sent a final notice to the plaintiff informing him that the agency would levy his social security benefits on January 9, 2006. Id. ¶ 47. The plaintiff learned that the IRS was going to apply a portion of his social security benefit payments in satisfaction of its claims at that same time. Id.

The plaintiff filed his complaint in this Court on March 23, 2007. After the defendant filed a motion to dismiss the plaintiff's complaint, the plaintiff filed an amended complaint on July 6, 2007. The defendant moved to dismiss the amended complaint on August 1, 2007. The plaintiff responded to the defendant's motion on September 17, 2007.[3]

In its motion, the defendant argues that the Court should dismiss the plaintiff's amended complaint because (1) the plaintiff did not serve the IRS with a copy of the Court's summons and his complaint or amended complaint, see Def.'s Mem. at 3-4 ("Failure to properly serve the United States deprives the Court of personal jurisdiction, leaving the Court with no power to compel an answer or response."), (2) the Court lacks "jurisdiction over [the] plaintiff's claim" insofar as it could be construed as a claim for "a tax refund" under 26 U.S.C. § 7422 (2000), id. at 5, (3) the Court lacks subject-matter jurisdiction under § 7433 "because [the] plaintiff has failed to demonstrate that he filed an administrative claim for damages with the [IRS]," id. at 6, (4) the "[p]laintiff's amended complaint . . . fails to provide the necessary factual detail to state a claim," id. at 8, (5) any request for "an order enjoining the [IRS] from engaging in any further tax collection activities . . . is barred by the Anti-Injunction Act," 26 U.S.C. § 7421 (2000), Def.'s Mem. at 14, and any request for declaratory relief "is barred under the Declaratory Judgment Act, 28 U.S.C. § 2201 [(2000)]," id. at 14 n.5, and (6) the plaintiff cannot recover damages under the Administrative Procedures Act, 5 U.S.C. §§ 701-800 (2000), the Federal Records Act, 44 U.S.C. § 3101 (2000), or the National Archives Act, 44 U.S.C. § 3106 (2000),[4] because the

---

[3] The Clerk of the Court erroneously docketed the plaintiff's opposition twice: once on September 17, 2007, and again on September 19, 2007.

[4] As another member of this Court recently noted, "[a] common strategy in the pro se tax cases that have flooded this Court is to include references to unspecified provisions of the Federal Records Act and the National
(continued...)

4

Administrative Procedures Act "does not provide jurisdiction over actions concerning the assessment and/or collection of federal taxes," id. at 18, and "[§] 7433 is the exclusive remedy for damages involving the collection of federal taxes," id. at 18 n.8.

The plaintiff concedes that his lawsuit "is not a 'refund' suit" under § 7422, Pl.'s Opp'n at 2, and he stipulates that he does not seek to enjoin the IRS from engaging in collection activities, id. at 14. Further, the plaintiff does not contest the defendant's argument that damages are unavailable under the Administrative Procedures Act, the Federal Records Act, or the National Archives Act. See id. at 13 (describing these statutory provisions only as a source of jurisdiction, not as a statutory basis for the recovery of damages).[5] But the plaintiff vigorously disputes the defendant's arguments that (1) service was not perfected in this case, see id. at 2 (arguing that "service upon [the] IRS is not warranted under § 7433"), (2) the Court lacks subject-matter jurisdiction in this case because the plaintiff failed to exhaust his administrative remedies, see id. at 3-9 (arguing that there was no substantive administrative remedy available to

---

[4](...continued)
Archives Act in the 'jurisdiction' section of the complaint." Stephens v. United States, 514 F. Supp. 2d 70, 74 n.3 (D.D.C. 2007).

[5] "It is understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." Buggs v. Powell, 293 F. Supp. 2d 135, 141 (D.D.C. 2003) (Walton, J.). The Court's authority to treat unopposed arguments as conceded derives from Local Civ. R. 7(b), which states as follows:

> Within 11 days of the date of service or at such other time as the court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the court may treat the motion as conceded.

(Emphasis added.) "Courts have interpreted this local rule to apply to specific arguments within a memorandum opposing a motion." United States v. Real Property, 287 F. Supp. 2d 45, 61 (D.D.C. 2003) (Walton, J.). The D.C. Circuit "'ha[s] yet to find that a district court's enforcement of this rule constituted an abuse of discretion.'" Buggs, 293 F. Supp. 2d at 141 (quoting FDIC v. Bender, 127 F.3d 58, 67-68 (D.C. Cir. 1997) (internal citations omitted)). The Court therefore declines "to act as an advocate for [] [the parties] and construct their legal arguments on [their] behalf in order to counter those in the motion to dismiss." Real Property, 287 F. Supp. 2d at 61 (quotation omitted).

the plaintiff to exhaust), and (3) the plaintiff's factual allegations fail to state a claim for relief under § 7433, see id. at 10-12, 14 (arguing that the plaintiff's allegations in his amended complaint "meet[] the 'notice pleading' requirements set forth in [Federal Rule of Civil Procedure] 8(a)").

## II. Standards of Review

The defendant's arguments for dismissal based on purported deficiencies in the plaintiff's amended complaint implicate both Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. "Rule 12(b)(1) presents a threshold challenge to the [C]ourt's jurisdiction, whereas 12(b)(6) presents a ruling on the merits with res judicata effect." Al-Owhali v. Ashcroft, 279 F. Supp. 2d 13, 20 (D.D.C. 2003). The two sub-parts of the rule are governed by distinct legal standards, as outlined below. In addition, the defendant's argument that the IRS was not properly served in this case implicates Rule 12(b)(5) of the Federal Rules of Civil Procedure. The Court therefore addresses all three sub-parts of Rule 12 in its discussion of the governing standards of review.

A.   Motion to Dismiss for Insufficient Service of Process under Rule 12(b)(5)

Federal Rule of Civil Procedure 4 sets forth specific requirements for service of a plaintiff's complaint and the summons issued by the Clerk of the Court at the request of a plaintiff. "The Court may dismiss a complaint for ineffective service of process pursuant to [Rule] 12(b)(5) if the plaintiff fails to establish that he . . . has properly effectuated service pursuant to Rule 4." Lindsey v. United States, 448 F. Supp. 2d 37, 42 (D.D.C. 2006) (Walton, J.). "[T]he party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements

of the relevant portions of Rule 4 and any other applicable provision of law." Light v. Wolf, 816 F.2d 746, 751 (D.C. Cir. 1987) (internal quotation and citation omitted).

B.      Motion to Dismiss for Lack of Subject-Matter Jurisdiction under Rule 12(b)(1)

Broadly speaking, there are two types of Rule 12(b)(1) motions. "A facial challenge attacks 'the factual allegations of the complaint' that are contained on 'the face of the complaint,' while a factual challenge is addressed to the underlying facts contained in the complaint." Al-Owhali, 279 F. Supp. 2d at 20 (quoting Loughlin v. United States, 230 F. Supp. 2d 26, 35-36 (D.D.C. 2002) (citations omitted)). Where the defendant makes a facial challenge, "the [C]ourt must accept as true the allegations in the complaint and consider the factual allegations of the complaint in the light most favorable to the non-moving party," Erby v. United States, 424 F. Supp. 2d 180, 182 (D.D.C. 2006) (citations omitted), just as it would on a motion to dismiss under Rule 12(b)(6), see Price v. Socialist People's Libyan Arab Jamhiriya, 294 F.3d 82, 93 (D.C. Cir. 2002) (noting that standard for facial challenge to subject-matter jurisdiction "is similar to that of Rule 12(b)(6)"). Where a factual challenge is made, the Court "may consider materials outside the pleadings" to determine whether it has subject-matter jurisdiction over the challenged case or claims, Jerome Stevens Pharm., Inc. v. FDA, 402 F.3d 1249, 1253 (D.C. Cir. 2005) (citation omitted), and "the plaintiff bears the burden of establishing the factual predicates of jurisdiction by a preponderance of the evidence," Erby, 424 F. Supp. 2d at 182 (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)) (other citations omitted). For this latter type of challenge, plaintiffs must "be given an opportunity for discovery of facts necessary to establish jurisdiction." Ignatiev v. United States, 238 F.3d 464, 467 (D.C. Cir. 2001) (citations omitted).

C.      Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6)

As with facial challenges to subject-matter jurisdiction under Rule 12(b)(1), the Court "must treat the complaint's factual allegations as true and must grant the plaintiff the benefit of all inferences that can be derived from the facts alleged" in considering motions to dismiss under Rule 12(b)(6). Trudeau v. FTC, 456 F.3d 178, 193 (D.C. Cir. 2006) (internal quotations omitted). Unlike motions to dismiss under Rule 12(b)(1), factual challenges are not permitted under Rule 12(b)(6), and the Court may only consider the facts alleged in the complaint, any documents attached as exhibits thereto, and matters subject to judicial notice in weighing the merits of the motion. EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624-25 (D.C. Cir. 1997). The Court's focus is therefore restricted to the facts as alleged by the plaintiff, which must be sufficiently detailed "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1965 (2007).

### III. Legal Analysis

Based upon the plaintiff's concessions, the only issues remaining for the Court to decide are (1) whether service of process was perfected in this case, (2) whether the plaintiff's complaint must be dismissed because the plaintiff does not allege that he exhausted the administrative remedies provided by the IRS, and (3) whether the plaintiff's allegations state a claim for relief under § 7433. The Court addresses each of these issues in turn.

A.      Service of Process

Rule 4(i)(1) sets forth the appropriate procedures for serving process on the defendant, one of its agencies, or one of its officials in an official capacity. The rule as written at the commencement of this case required that a plaintiff serve a defendant

> (A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and
>
> (B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and
>
> (C) in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered or certified mail to the officer or agency.

The defendant acknowledges that the plaintiff "served the United States Attorney General and the United States Attorney for the District of Columbia on April 23, 2007." Def.'s Mem. at 2. Nevertheless, the defendant argues that the plaintiff runs afoul of Rule 4(i)(1)(C) because the plaintiff "did not serve the [IRS]." Id.

The defendant's position is without merit. As another member of this Court recently noted in rejecting this exact argument raised by the defendant in another lawsuit, Rule 4(i)(1)(C) does not apply to a challenge under § 7433 where there is no underlying agency order on an administrative claim because a plaintiff in such a case is not "attacking an order of an officer or agency of the United States." Guthery v. United States, 507 F. Supp. 2d 111, 115 (D.D.C. 2007). The plaintiff was therefore under no obligation to serve the IRS, and his failure to do so cannot constitute grounds for dismissal under Rule 12(b)(5).

B.  Failure to Exhaust Administrative Remedies

Section 7433 provides in pertinent part that "[a] judgment for damages shall not be awarded under subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the [IRS]." 26 U.S.C. § 7433(d)(1). This Court has previously concluded that 26 C.F.R. § 301.7433-1(e) "establishes the administrative remedies called for by [] § 7433(d)(1)," and that "[c]onsequently, the Court may not award a judgment for damages to a plaintiff bringing an action under 26 U.S.C. § 7433 where that plaintiff has not first satisfied the administrative procedures set forth in [that regulatory provision]." Lindsey v. United States, 448 F. Supp. 2d 37, 61 (D.D.C. 2006).[6] The defendant attempts to take this reasoning one step further, arguing that "[§] 7433 . . . provides the predicates for the [defendant's] waiver of sovereign immunity with respect to suits for wrongful collection actions," and that "[t]he party bringing suit must show that the [defendant] has unequivocally waived its sovereign immunity" for the Court to possess subject-matter jurisdiction over a particular case. Def.'s Mem. at 6. The defendant therefore contends that the plaintiff's amended complaint must be dismissed for lack of subject-matter jurisdiction because he has not pled exhaustion of the remedies set forth in 26 C.F.R. § 301.7433-1(e). See id. at 6-8 ("Because [the] plaintiff has not met his burden to prove exhaustion of administrative remedies, this Court does not have jurisdiction over his [§] 7433 claim, and the Court should dismiss the [amended] complaint.").

---

[6] Because the Court concludes that the defendant's arguments concerning its exhaustion defense are premature, it does not address the counter-argument made by the plaintiff that 26 C.F.R. § 301.7433-1 is not a "substantive" or "legislative-type rule" and therefore does not apply to him. Pl.'s Opp'n at 3 (quoting Chrysler Corp. v. Brown, 441 U.S. 281, 301-02 (1979)).

The defendant's entire argument is based on the flawed premise that the plaintiff must plead exhaustion of his administrative remedies to establish the Court's subject-matter jurisdiction. As this Court has explained repeatedly in a series of decisions issued over the past two years, the defendant cannot denominate every possible defense available to it as "jurisdictional" in nature merely because those defenses relate in some abstract way to the defendant's sovereign immunity. See Smith v. United States, Civil Action No. 06-633, 2007 WL 2932569, **6-7 (D.D.C. Oct. 9, 2007) (Walton, J.) (holding that the general rule that "a statute of limitations defense is not jurisdictional in nature . . . applies with equal force to the statute of limitations set forth in [28 U.S.C.] § 2401 notwithstanding the jurisdictional nature of sovereign immunity itself" (internal quotation and citation omitted)); P&V Enters. v. U.S. Army Corps of Eng'rs, 466 F. Supp. 2d 134, 147-49 (D.D.C. 2006) (Walton, J.) (holding that the statute of limitations set forth in 28 U.S.C. § 2401(a) is "non-jurisdictional" in nature); Lindsey v. United States, 448 F. Supp. 2d 37, 50-54 (D.D.C. 2006) (Walton, J.) ("Only where a statute contains sweeping and direct statutory language indicating that there is no federal jurisdiction prior to exhaustion may courts conclude that a particular exhaustion requirement is jurisdictional." (Internal quotation and citation omitted.)). Indeed, the Court specifically held in Lindsey that "the exhaustion requirement imposed by § 7433 is not jurisdictional," Lindsey, 448 F. Supp. 2d at 54, because "[n]othing in the language of § 7433(d)(1) suggests that Congress intended to impose a jurisdictional barrier to taxpayer suits seeking damages for the conduct of the IRS," id. at 52 (citing Avocados Plus v. Veneman, 370 F.3d 1243, 1248 (D.C. Cir. 2004)). The rationale behind these rulings is altogether straightforward: unless Congress "clearly states that a threshold

limitation on a statute's scope shall count as jurisdictional, . . . courts should treat the restriction as nonjurisdictional in character." Arbaugh v. Y & H Corp., 546 U.S. 500, 502 (2006).

The defendant suggests in a footnote that even if the exhaustion requirement set forth in § 7433(d)(1) is not a prerequisite to subject-matter jurisdiction, the Court should still dismiss the plaintiff's amended complaint "for failure to state a claim for which relief can be given" under Rule 12(b)(6) rather than as a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1). Def.'s Mem. at 8 n.2. But "[t]here are important differences between motions to dismiss made pursuant to these two Rules," Smith, 2007 WL 2932569, at *7, chief among them the limitation of the scope of the Court's inquiry on a Rule 12(b)(6) motion to the facts alleged in (or documents incorporated by) a plaintiff's complaint, EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624-25 (D.C. Cir. 1997). One consequence of this limitation is that a defendant may raise an affirmative defense (such as exhaustion of administrative remedies) under Rule 12(b)(6) only "when the facts that give rise to the defense are clear from the face of the complaint." Smith-Haynie v. District of Columbia, 155 F.3d 575, 578 (D.C. Cir. 1998).

The defendant's suggestion that the plaintiff must anticipate and plead around its exhaustion defense is similar to the position taken by the defendants in Jones v. Bock, ___ U.S. ___, 127 S. Ct. 910 (2007), and must be rejected for the same reasons that were advanced by the Supreme Court in that case. In that case, three prison inmates appealed the dismissal of their respective § 1983 claims for, inter alia, failure to state a claim based on the inmates' failure to properly plead exhaustion of the administrative remedies set forth in the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e (the "PLRA"). Id. at ___, 127 S. Ct. at 916-18. The Sixth Circuit affirmed all three dismissal orders. Id. at ___, 127 S. Ct. at 917-18.

12

On writ of certiorari from the Sixth Circuit and pursuant to a joint petition under Rule 12.4 of the Rules of the Supreme Court, the Supreme Court reversed the Sixth Circuit's rulings. Id. at ___, 127 S. Ct. at 926. Recognizing that "the usual practice under the Federal Rules [of Civil Procedure] is to regard exhaustion as an affirmative defense," id. at ___, 127 S. Ct. at 919, the Court dismissed as a "red herring" the notion that exhaustion could be "subsumed under the PLRA's enumerated ground authorizing early dismissal for failure to state a claim upon which relief may be granted" because "[w]hether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract," id. at ___, 127 S. Ct. at 920-21 (internal quotation and citation omitted). Instead, the Court concluded, "failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." Id. at ___, 127 S. Ct. at 921.

The reasoning behind the Supreme Court's ruling in Jones applies with equal force in this case. Like the defendants in Jones, the defendant seeks to "subsume[]" its exhaustion defense within the general rubric of "failure to state a claim" and then hold the plaintiff to account for failing to plead around its defense. But exhaustion of administrative remedies is not an element of the plaintiff's claim under § 7433. It is an affirmative defense, "and the existence of a defense does not undercut the adequacy of the [plaintiff's] claim." Deckard v. Gen. Motors Corp., 307 F.3d 556, 560 (7th Cir. 2002).

The Court recognizes that it has previously dismissed a similar complaint alleging a violation of § 7433 under Rule 12(b)(6) on the theory that the plaintiffs in that case "d[id] not contest that they did not exhaust the administrative remedies promulgated in 26 C.F.R.

13

§ 301.7433-1". Lindsey, 448 F. Supp. 2d at 61. At least one other member of this Court has reached the same conclusion. See Turner v. United States, 429 F. Supp. 2d 149, 153 (D.D.C. 2006) (holding that the defendant had met the standard for dismissal under Rule 12(b)(6) based on the plaintiffs' concession that they did not follow the internal procedures established by the IRS). But in light of the Supreme Court's ruling in Jones, it is clear that a plaintiff's complaint cannot be dismissed under Rule 12(b)(6) merely because that plaintiff failed to allege that he exhausted his administrative remedies in his opposition to a motion to dismiss any more than it could be dismissed because the plaintiff failed to make those allegations in the complaint itself. Under either scenario, the appropriate procedural mechanism for bringing a case to closure when there is no evidence in the record that the plaintiff exhausted the administrative remedies available to him is a motion for summary judgment under Federal Rule of Civil Procedure 56, not a motion to dismiss under Rule 12. The defendant's request for dismissal of the plaintiff's amended complaint for failure to plead exhaustion of administrative remedies must therefore be denied.[7]

C.  Failure to Allege Facts Sufficient to State a Claim for Relief

In addition to its service of process and subject-matter jurisdiction arguments, the defendant asserts that the "[p]laintiff's amended complaint is legally insufficient because it fails to provide the necessary factual detail to state a claim." Def.'s Mem. at 8. It further argues that "most of [the plaintiff's] allegations involve activities . . . [un]related to the collection of taxes,"

---

[7] Of course, the defendant could have avoided this problem altogether by moving for summary judgment in the first instance. Fortunately for the defendant, the pleading defects in the plaintiff's amended complaint set forth below are so substantial and comprehensive that the amended complaint must be dismissed in its entirety anyway pursuant to Rule 12(b)(6). See part III.C, infra.

14

which "are not cognizant under [§] 7433 and must be dismissed." Id. at 9. "Of the counts that could be construed as collection activity," the defendant asserts, the "plaintiff has failed to state a claim." Id. at 14.

The Court finds these arguments persuasive. As another member of this Court recently noted, "courts have narrowly interpreted § 7433," such that this statutory provision "does not provide a cause of action for wrongful tax assessment or other actions that are not specifically related to the collection of income tax." Buaiz v. United States, 471 F. Supp. 2d 129, 135 (D.D.C. 2007). Every circuit court of appeals that has addressed this issue has construed § 7433 in this manner, see id. (collecting cases),[8] and "[d]istrict courts in other circuits–including this circuit–have also reached the conclusion that § 7433 is strictly limited to actions based on the collection of taxes," id.; see also Bryant v. United States, ___ F. Supp. 2d ___, 2007 WL 4465509, *3 (D.D.C. Dec. 21, 2007) (agreeing with the Court's analysis in Buaiz regarding the scope of § 7433); Spahr v. United States, 501 F. Supp. 2d 92, 95-96 (D.D.C. 2007) (same); Evans-Hoke v. Paulson, 503 F. Supp. 2d 83, 86 (D.D.C. 2007) (same). This understanding of § 7433 reflects Congress's intent "to limit the waiver of sovereign immunity [in § 7433] to matters relating to collection," Congress's "broad[er] intent that the federal judiciary have limited jurisdiction over cases involving the assessment and collection of income taxes," and "the

---

[8] The circuit court of appeals cases cited by the Court in Buaiz are Miller v. United States, 66 F.3d 220 (9th Cir. 1995), where the Ninth Circuit affirmed the district court's determination that "the assessment or tax determination part of the [Internal Revenue Code's] process is not an act of 'collection' and therefore [is] not actionable under § 7433," id. at 222; Shaw v. United States, 20 F.3d 182 (5th Cir. 1994), where the Fifth Circuit held that "based upon the plain language of the statute, which is clearly supported by the statute's legislative history, a taxpayer cannot seeks damages under § 7433 for an improper assessment of taxes," id. at 184; and Gonsalves v. IRS, 975 F.2d 13 (1st Cir. 1992), where the First Circuit held that the plaintiff's "claim for damages resulting from the defendant's refusal to give him a tax refund runs afoul of" § 7433 because that section states "that a taxpayer may sue only if an IRS agent disregards a statute or regulation 'in connection with any collection of Federal tax,'" and "in order to prevail on his claim, [the plaintiff] would have to prove that the IRS incorrectly determined the amount of his tax liability," id. at 16 (quoting 26 U.S.C. § 7433(a)) (all emphasis supplied by the court in Gonsalves).

general rule that any ambiguity in waivers of sovereign immunity be resolved in favor of the sovereign." Id. at 136.

Consequently, Counts 1-2 and 18-19 of the amended complaint, in which the plaintiff alleges violations of various record-keeping and procedural requirements unrelated to the collection of taxes, Am. Compl. at 4, 9-10, must be dismissed for failing to state a claim for negligent, reckless, or intentional disregard of any provision of the Internal Revenue Code "in connection with any collection of Federal tax," 26 U.S.C. § 7433(a). Similarly, Counts 3-8, in which the plaintiff alleges that the IRS failed to prepare or execute substitutes for his tax returns in conformance with the Internal Revenue Code and IRS regulations, Am. Compl. at 5-6, Count 10, in which the plaintiff alleges that the IRS forced him to use a social security account number, id. at 7, Counts 11-17, 27, 33 and 35, in which the plaintiff alleges various errors in the assessment of his taxes and penalties and the prompt notification thereof, id. at 7-9, 13-15, Count 36, in which the plaintiff alleges that the IRS failed to "certify" its notice of lien before recording the lien in the public record of Harris County, Texas, id. at 15-16, and Counts 9 and 39, in which the plaintiff alleges violations of statutory provisions regarding income tax return information, id. at 6-7, 16, must all be dismissed for failure to state a claim under § 7433. These counts simply "are not specifically related to the collection of income tax." Buaiz, 471 F. Supp. 2d at 135.

Almost all of the remaining counts are defective because they are not set forth with sufficient detail.[9] As the plaintiff correctly points out, his amended complaint need only set forth

---

[9] The Court recognizes that the plaintiff's amended complaint, having been filed by the plaintiff pro se, must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). "Nonetheless, a pro se complaint, like any other, must present a claim upon which relief can be granted by the court." Henthorn v. Dep't of Navy, 29 F.3d 682, 684 (D.C. Cir.1994). For the reasons set forth below, the plaintiff's allegations fail to state a claim for relief under even the most generous of interpretations, and his amended
(continued...)

a "short and plain statement of the claim showing that the pleader is entitled to relief" to survive a motion to dismiss under Rule 12(b)(6). Pl.'s Opp'n at 10 (quoting Fed. R. Civ. P. 8(a)). But "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964-65 (2007). "Without some factual allegation in the complaint," the plaintiff cannot "satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. at ___, 127 S. Ct. at 1965 n.5.[10]

Counts 20-26, 28-29, 34 and 37-38 of the amended complaint contain just the sort of "labels and conclusions" proscribed by the Supreme Court in Bell Atlantic. In each of these counts, the plaintiff recites that the IRS "failed to implement" one or more provisions of the Internal Revenue Code or the IRS's internal regulations, with no description whatsoever as to how the IRS engaged in the alleged delinquent act. Am. Compl. at 11-16. Count 30 is even more obtuse. In this count, the IRS is alleged to have "engaged in 'conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any unpaid tax,'" which is merely a verbatim quote from § 6304 of the Internal Revenue Code. Id. at 14 (quoting 26 U.S.C. § 6304(b)). At no point does the plaintiff describe where, when, and

---

[9](...continued)
complaint must therefore be dismissed pursuant to Rule 12(b)(6).

[10] The plaintiff's reliance on Conley v. Gibson, 355 U.S. 41(1957) (cited in Pl.'s Opp'n at 10-11), is unavailing in light of the Supreme Court's observation in Bell Atlantic that the expansive language in Conley to the effect that a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," id. at 45-46, actually "described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival," and had, "after puzzling the profession for 50 years, . . . earned its retirement," Bell Atl., ___ U.S. at ___, 127 S. Ct. at 1969.

how the IRS "harass[ed], oppress[ed], or abuse[d]" him "in connection with the collection of any unpaid tax."

Finally, the two remaining counts in the amended complaint–Counts 31-32–also fail to state a claim for relief notwithstanding their comparative factual specificity. In Count 31, the plaintiff alleges that "[b]y disregard of [26 U.S.C. § 6320], . . . [the] defendant, through [the] . . . [IRS], . . . failed to hold a hearing in conjunction with [26 U.S.C. §§ 6330(c), 6330(d), and 6330(e)]." Am. Compl. at 14. Section 6320 provides, however, that a "hearing shall be held by the [IRS] Office of Appeals" only "[i]f [a person subject to a lien for unpaid taxes] requests a hearing in writing . . . and states the grounds for the requested hearing." 26 U.S.C. § 6320(b)(1). The plaintiff does not allege that he requested such a hearing in conformance with § 6320; to the contrary, he alleges in his supplemental statement of facts attached to his amended complaint that he would not accept the offer from the IRS for a "face-to-face hearing" until his file was "assigned to an impartial individual who w[ould] reach a decision after [a] hearing." Pl.'s Facts ¶ 43 (internal quotation omitted). The plaintiff therefore does not allege all of the elements necessary to state a violation of § 6320(b)(1) in Count 31.

In Count 32, the plaintiff alleges that the IRS, "[b]y disregard of [26 U.S.C. § 6321], . . . asserted a lien on or about January 9, 2003, . . . for alleged failure or neglect to pay without giving proper notice and without making demand," Am. Compl. at 14. The first component of the plaintiff's allegation–namely, that the IRS did not "giv[e] proper notice," id. (emphasis added)–fails because the plaintiff does not specify how the numerous notices chronicled in his supplemental statement of facts were legally deficient or otherwise inadequate. See Pl.'s Facts ¶¶ 6, 15, 17, 19, 21-22 (acknowledging that the IRS sent the plaintiff notices that

it would levy on his property if he did not pay his overdue taxes); id. ¶ 23 (acknowledging that the IRS sent the plaintiff a "Notice of Tax Due on Federal Tax Return"); id. ¶ 28 (acknowledging that the IRS sent the plaintiff a "final notice of intent to levy" with respect to amounts owed from 1998 through 2001). Absent any allegation to that effect, the Court must presume that the many notices and letters received by the defendant provided with him sufficient notice of his tax liabilities. See Silver v. Comm'r of Internal Revenue, 187 Fed. Appx. 63, 65 (2d Cir. 2006) (unpublished opinion) (holding that notices of intent to levy and letters requesting payment "undisputably" provide notice of a delinquent tax debt).

The second part of the plaintiff's allegation–that the IRS never demanded payment from the defendant–is flatly contradicted by those same notices. "'[T]he [C]ourt will not accept conclusory allegations concerning the legal effect of the events [the] plaintiff has set out if these allegations do not reasonably follow from his description of what happened, or if these allegations are contradicted by the description itself.'" Franklin Asaph Ltd. P'ship v. FDIC, 794 F. Supp. 402, 404 (D.D.C. 1992) (quoting 5A Charles A. Wright & Arthur R. Miller, Fed. Practice & Proc. § 1357 (1990)). Consequently, the plaintiff's allegations in Count 32 fail to state a violation of § 6321, and that count, like all of the other counts in the plaintiff's amended complaint, must be dismissed.

### III. Conclusion

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the [C]ourt." Bell Atl., ___ U.S. at ___, 127 S. Ct. at 1966. The plaintiff has failed to allege facts in his amended complaint that, if true, would

state a claim for relief under § 7433 of the Internal Revenue Code.[11]  The Court must therefore grant the defendant's motion and dismiss the plaintiff's amended complaint in its entirety.

**SO ORDERED** this 9th day of January, 2008.[12]

                                    REGGIE B. WALTON
                                    United States District Judge

---

[11]  In his opposition to the defendant's motion to dismiss, the plaintiff indicates that he should be allowed to cure any defect in his pleading by way of further amendment to his complaint. Pl.'s Opp'n at 12. Such relief should be requested by separate motion pursuant to Federal Rule of Civil Procedure 15(a)(2) and 7(b)(1) and Local Civil Rule 15.1.

[12]  A separate order granting the defendant's motion to dismiss, dismissing the plaintiff's amended complaint, and closing this case follows.