## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

In re JOHN ADAMS ASSOCIATES, INC.

_____

WILLIAM R. RHODES, et al.

               Plaintiffs,

      v.                          Miscellaneous Case No. 07-577 (RBW)

JOHN ADAMS ASSOCIATES, INC.,
and 3M COMPANY,

               Defendants.

_____

## MEMORANDUM OPINION

On December 28, 2007, the plaintiffs in two civil suits pending in different jurisdictions,

Rhodes v. E.I. Dupont Demours & Co., Civil Action Case No. 6:06-530 (S.D. W. Va.), and

Rowe v. E.I. Dupont Demours & Co., Civil Action Case No. 06-1810-RMB-AMD (D.N.J.), filed

a motion to compel John Adams Associates, Inc. ("John Adams") "to produce documents and

electronically stored information responsive to subpoenas issued" by this Court relating to the

Rhodes and Rowe cases pursuant to Federal Rule of Civil Procedure 45.  Plaintiffs' Motion to

Compel Production Pursuant to a Subpoena and Memorandum of Law in Support at 1.

Thereafter, the plaintiffs filed a motion seeking to compel John Adams to remove its designation

of certain produced documents as "confidential" within the meaning of separate protective orders

entered in the Rhodes and Rowe cases, which designations were made pursuant to an agreement

between the parties whereby John Adams agreed to produce certain documents subject to the

Court's subpoena issued on the plaintiffs' behalf in exchange for the plaintiffs' agreement to extend the protections of those protective orders to John Adams.  Plaintiffs' Motion to Compel Removal of Defendant's Confidentiality Designations on Certain Produced Documents (the "Pls.' Mot.") at 1-2 & n.1.  John Adams opposed this request on the grounds that its designations were appropriate under the terms of the protective orders at issue and under Rule 45.  John Adams Associates Inc.'s Opposition to the Plaintiffs' Motion to Compel Removal of Confidentiality Designations on Certain Produced Documents at 5-9.

After reviewing the parties' briefs, the Court entered an order on April 30, 2008 (the "April 30 Order") in which it directed the parties to file supplemental memoranda of law regarding whether the Court, under Rule 45, has the authority to adjudicate their dispute over the propriety of John Adams's confidentiality designations.  April 30 Order at 4.  As the Court explained in that order:

> With respect to the plaintiffs' second motion to compel, both the plaintiffs and John Adams assume that it is within the scope of the Court's authority under Rule 45 to adjudicate their dispute over the propriety of John Adams's confidentiality designations.  The Court harbors serious doubts on this point.  Rule 45 provides in pertinent part that "[a]t any time, . . . the [party serving a subpoena] may move the issuing court for an order compelling production or inspection."  Fed. R. Civ. P. 45(c)(2)(B)(I).  However, in this case the party served with a subpoena (John Adams) has already produced the documents at issue.  The plaintiffs' sole grievance is with the manner in which John Adams has interpreted the agreement between the parties that led to the voluntary production of that information.  This strikes the Court as a contractual dispute, or, with respect to the Rowe case, a dispute over the terms of the protective order entered by the court in that case, but it does not appear to be a conflict over the "production or inspection" of documents subject to a subpoena issued by this Court.  The Court is therefore inclined to deny the plaintiffs' second motion to compel, as it appears to contain a request for relief outside the authority conferred upon this Court by Rule 45.

Id. at 2-3 (footnotes omitted). The Court deferred its final ruling on the plaintiffs' motion only "because the Court ha[d] not yet had an opportunity to research the scope of its authority under Rule 45 in exhaustive detail" and "[b]ecause the Court . . . raised the issue sua sponte," and therefore had not received the benefit of any briefing from the parties on this issue. Id. at 3. Having now reviewed the parties' supplemental memoranda of law, and having researched the state of the law on this point to its satisfaction, the Court is convinced that its assessment of the situation in its April 30 Order was correct, and that the plaintiffs' motion should be denied.

Federal Rule of Civil Procedure 45 gives the court issuing a subpoena the power to compel the production of documents from the non-party subject to that subpoena. See In re Sealed Case, 141 F.3d 337, 341 (D.C. Cir. 1998) ("Rule 34(c) explicitly makes the subpoena process of Rule 45 the route to compelling production of documents from nonparties."). The "language [of Rule 45] suggests that only the issuing court has the power to act on its subpoenas," and "nothing in the Rules even hints that any other court may be given the power to quash or enforce them." Id. However, to comply with Rule 45, a non-party need only produce documents required by the subpoena in the manner "they are kept in the ordinary course of business[,] or must organize and label them to correspond to the categories in the demand." Fed. R. Civ. P. 45(d)(1)(A).

The plaintiffs do not contend that the defendant failed to produce the demanded documents in the manner "kept in the ordinary course of business" or "organize[d] and label[ed] . . . to correspond to the categories in the demand." Instead, they seek to have the Court enforce the terms of an agreement between the plaintiffs and John Adams that led to the voluntary production of the documents. Although the plaintiffs dismiss this fact as "incidental[]," Supplemental Memorandum of Law In Support of Plaintiff[s'] Motion to Compel

Removal of Defendant's Confidentiality Designations on Certain Produced Documents ("Pls.' Supp. Mem.") at 4, the lack of any reference to the designation of documents as "confidential" in the subpoena at issue forecloses any possibility of relief for the plaintiffs under Rule 45.  The Court's authority to enforce the provisions of its subpoena, whether located in Rule 45 or inherent to the Court itself, is not implicated because there is no provision in the subpoena that requires enforcement.

The plaintiffs argue in the alternative that "[t]here is 'no provision in the Judicial Code or the Rules of Civil Procedure [that] allows a district judge to transfer a particular motion for decision elsewhere,'" id. at 6 (quoting In re Orthopedic Bone Screws Prod. Liability Litig., 79 F.3d 46, 48 (7th Cir. 1996)), and that as a consequence "'disputes over discovery from a non-party are decided by the court which issued the subpoena[] unless the non-party consents that the matter be resolved by a court in another district,'" id. at 7 (quoting In re Welding Rod Prod. Liability Litig., 406 F. Supp. 2d 1064, 1065 (N.D. Cal. 2005)).  The Court agrees with both of these propositions, but finds neither of them applicable here.  This is not a case in which a non-party resisting a subpoena seeks the entry of a protective order from the trial court rather than the court issuing the subpoena pursuant to Federal Rule of Civil Procedure 26(c); rather, the Rowe court has already entered a protective order that by all accounts covers the documents at issue here,[1] and the parties agreed on their own initiative to extend the protective order entered in the Rhodes case to those same documents.[2]  Such orders "may only be enforced through a motion

---

[1]  The Rowe protective order provides that "[n]on-parties who produce information in response to subpoenas served in this matter also may designate responsive information as 'Confidential Information,' subject to the terms and protection of this order."  Pls.' Mot., Ex. A (Discovery Confidentiality Order) ¶ 10.  The protective order also addresses what material constitutes "Confidential Information."  See id. ¶ 2 (listing the characteristics of "Confidential Information").

[2]  Because the Rhodes protective order does not cover non-party discovery, the Rhodes court may not have subject-matter jurisdiction over the parties' dispute.  If that is the case, the plaintiffs would need to proceed against John (continued . . . )

for sanctions under Federal Rule of Civil Procedure 37(b)," <u>Westinghouse Elec. Co. v. Newman & Holtzinger, P.C.</u>, 992 F.2d 932, 935 (9th Cir. 1993), and that rule authorizes only "the court where the action is pending" to "issue further just orders."  Fed. R. Civ. P. 37(b)(2)(A).[3]

Nor does the Court intend to transfer or stay the plaintiffs' motion to compel.  Actions of that sort are only necessary where there is an actual controversy within the Court's subject-matter jurisdiction to be resolved.  John Adams has already produced the documents at issue in accordance with the Court's subpoena; thus, there is nothing left for the Court to do with respect to its subpoena.  It has no choice but to deny the plaintiffs' motion as moot, just as it would deny as moot any motion to compel the production of documents that have already been produced in the manner demanded in a subpoena.  <u>See, e.g.</u>, <u>Platypus Wear, Inc. v. K.D. Co., Inc.</u>, 905 F. Supp. 808, 810 (S.D. Cal. 1995) (holding that the parties' dispute as to which federal court should have issued subpoena was moot because subpoenaed witness was willing to testify).

Had the subpoena issued by this Court specified that John Adams should produce its documents in accordance with the guidelines set forth in the <u>Rowe</u> or <u>Rhodes</u> protective orders, or had John Adams requested the entry of a protective order governing its production, the parties' dispute might have fallen within the Court's jurisdiction.  However, on the state of the record here, the plaintiffs' disagreement with John Adams concerns a pre-existent protective order entered by the <u>Rowe</u> court and a private understanding between the parties concerning

---

Adams in state or, if diversity jurisdiction exists, federal court for breach of contract or under an estoppel theory.  <u>Cf. Westinghouse Elec. Co. v. Newman & Holtzinger, P.C.</u>, 992 F.2d 932, 936-37 (9th Cir. 1993) (holding that complaint alleging private agreement between parties not to disclose certain documents stated a claim for breach of contract because the agreement was not incorporated in, and therefore did not merge with, protective order issued by the district court).

[3]  The plaintiffs cite to Federal Rule of Civil Procedure 37(a) for the proposition that "an order compelling discovery from a non[-]party 'must be made in the court where the discovery is or will be taken.'"  Pls.' Supp. Mem. at 4 (quoting Fed. R. Civ. P. 37(a)(2)).  The problem for the plaintiffs is that they do <u>not</u> request "an order compelling discovery" from John Adams, but rather seek to enforce the terms of certain protective orders governing discovery.  Consequently, their motion is properly designated as a motion under Rule 37(<u>b</u>), not Rule 37(<u>a</u>).

another pre-existent protective order entered by the <u>Rhodes</u> court.  It is to those courts that the plaintiffs should turn for the relief that they seek.[4]  Their dispute with John Adams does not relate to the subpoena issued by this Court, and therefore does not concern it.  The Court will therefore deny the plaintiffs' motion to compel as moot and close this miscellaneous proceeding.[5]

       **SO ORDERED** this 8th day of December, 2008.[6]

---

[4]  The plaintiffs assert in a footnote that they "have located no authority for the proposition that when a non[-]party responds to a subpoena issued in a jurisdiction other than the location of the underlying action and designates produced documents as confidential pursuant to the terms of a protective order issued in the jurisdiction of the underlying matter, the non[-]party thereby submits itself to the <u>personal jurisdiction</u> of the court that issued the protective order."  Pls.' Supp. Mem. at 8 n.1 (emphasis in original).  But the protective orders are intended to help non-parties like John Adams, not the plaintiffs, so presumably John Adams would submit to the personal jurisdiction of the <u>Rowe</u> and (if possible) <u>Rhodes</u> courts if it intended to enforce the provisions of those orders against the plaintiffs.  While the Court sympathizes with the plaintiffs' apparent desire to adjudicate the issue of confidentiality before using the documents at issue in a manner not permitted by the <u>Rowe</u> and <u>Rhodes</u> protective orders, that strategic interest is not the insuperable barrier to a court's review of John Adams's confidentiality designations that the plaintiffs suggest.

[5]  On June 6, 2008, the plaintiffs filed a motion to supplement their motion to compel; however, the Clerk of the Court rejected this motion due to a technical error in its filing, and the plaintiffs have not re-filed their motion in the months following this rejection.  Consequently, the plaintiffs' motion to compel is the only pending matter in this case.  Its resolution therefore brings this case to a close.

[6]  An order will be issued contemporaneously with this memorandum opinion (1) denying the plaintiffs' motion and (2) closing this miscellaneous proceeding.